UNITED STATES of America, Appellee,

v.

Angelo PACCIONE, Defendant-Appellant.

No. 341, Docket 23631.

United States Court of Appeals Second Circuit.

Argued June 9, 1955.

Decided July 27, 1955.

**802**

Walter J. Di Donato and John H. Mariano, New York City, for appellant.

J. Edward Lumbard, U. S. Atty., for Southern Dist. of New York, New York City, for appellee. Robert M. Pennoyer, Asst. U. S. Atty., New York City, of counsel.

Before CHASE and MEDINA, Circuit Judges, and RYAN, District Judge.

PER CURIAM.

The appellant relied for reversal upon the insufficiency of the evidence to show the conspiracy as alleged and resulting error in allowing a narcotic agent to testify to statements made to him by alleged co-conspirators. Also upon the refusal of the court to continue the trial to allow him to obtain substitute trial counsel and to procure the attendance as witnesses for the defense of two alleged co-conspirators who were in jail in Michigan; upon error in the charge and upon the excessiveness of the sentences. We find no merit in any of these contentions.

There was ample evidence to show that the appellant and the two co-conspirators acted in concert in furtherance of an understanding they had with each other to violate the federal narcotic laws and as the statements of the co-conspirators which the agent testified were made to him were in connection with the sale of heroin delivered by the appellant to the agent they were in furtherance of the conspiracy and clearly admissible. United States v. Dennis, 2 Cir., 183 F.2d 201.

The effort to secure time for the substitution of trial counsel was not made until ten days after the jury had been drawn and only when, after repeated delays, the trial was about to begin. The trial attorney who had represented the appellant for about a year and a half was present in court ready and able to conduct the defense and no fair reason was shown for causing further delay in starting the trial which such a belated attempt to have other counsel present would entail. Without adequate cause shown for such a request, the denial of it was without error. United States v. Mitchell, 2 Cir., 138 F.2d 831, certiorari denied 321 U.S. 794, 64 S.Ct. 785, 88 L. Ed. 1083.

Nor was it an abuse of discretion to deny the appellant's application, made the morning the trial began, for the production in court at the expense of the government of the co-conspirators who

were in jail. Meeks v. United States, 9 Cir., 179 F.2d 319. Before the jury was drawn appellant's attorney had been asked by the government's attorney "whether he would want the witnesses brought back so that we could then set a trial date with time for him to bring them back". Yet he had not made known any such desire before, or when, the jury was drawn. Nor was any application made to have them subpoenaed pursuant to Rule 17(b), Fed.Rules Crim. Proc., 18 U.S.C.A.

■ The judge charged generally, as well he might, that the jury should take into account the interest, if any, which a witness had in the outcome of the trial in evaluating the testimony of such witness and that the appellant, who testified in his own defense, was an interested witness. Reagan v. United States, 157 U.S. 301, 15 S.Ct. 610, 39 L.Ed. 709. At the close of the charge the appellant requested the court to charge that the narcotics agent who testified for the government "is an interested party in the same sense that the defendant is in a similar degree". Regardless of any lack of timeliness in making this request, it was such an obvious exaggeration of the interest of the agent that there was no error in refusing to give it.

■ The sentences were, indeed, severe and the more so because, though the fines imposed have been remitted, the terms of imprisonment on the substantive counts and that on the conspiracy counts must be served consecutively.

Making conspiracy count sentences run consecutively with those on substantive counts is not unlawful where, as here, the substantive crimes were of such a nature that concerted action was not necessary for their commission. Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435. We have at times expressed our disapproval of such cumulation, United States v. Chiarella, 2 Cir., 184 F.2d 903, and recently in United States v. Pagano, 2 Cir., 224 F.2d 682, decided July 5, 1955, but in this instance

there was, perhaps, more than the usual justification for requiring separate service of the sentences.

Judgment affirmed.