**702**

was the existence of a partnership between the parties. Following the entry of judgment in favor of the appellee, the appellant, in a motion for a new trial and in a motion for amended findings of fact and conclusions of law, for the first time claimed that he was entitled to relief upon another theory or basis. The trial court denied those motions. The appellant at no time asked for leave to amend his complaint to present any other issue and at no time prior to the entry of judgment indicated to the trial court that any other issue was involved. It is the view of this Court that the belated attempt on the part of the appellant to inject another issue into the case was properly denied by the trial court.

The judgment appealed from is affirmed.

Angelo Paccione pro se.

Allen L. Chancey, Burton Brown, Asst. U. S. Attys., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

PER CURIAM.

The appellant's application for a writ of habeas corpus was denied by the District Court. We are in agreement with its decision that there is no merit in the appellant's contention. See United States v. Paccione, 2nd Cir. 1955, 224 F.2d 801, cert. den. 350 U.S. 896, 76 S.Ct. 155, 100 L.Ed. 788. The judgment of the District Court is

Affirmed.

---

Angelo **PACCIONE**, Appellant,

v.

**David M. HERITAGE**, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.

No. 19377.

United States Court of Appeals
Fifth Circuit.

April 13, 1962.

Arthur **PALNAU**, Plaintiff-Appellant,

v.

The **DETROIT EDISON COMPANY**, a New York Corporation; Utility Workers Union of America, affiliated with AFL–CIO; and Local 223, Utility Workers Union of America, AFL–CIO, Defendants-Appellees.

No. 14698.

United States Court of Appeals
Sixth Circuit.

April 19, 1962.

