**Morris JOSEPH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17955.**

United States Court of Appeals Ninth Circuit.

Aug. 20, 1963.

K. Bruce Friedman and Patricia C. Remmes, of San Francisco, Cal., for appellant.

William C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Crim. Section, and William D. Keller, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and SWEIGERT, District Judge.

BARNES, Circuit Judge.

This appeal, in forma pauperis, with appointed counsel representing the appel-

lant, was ably presented by raising but one issue: Was appellant denied the effective assistance of counsel below because the trial court refused to grant a requested continuance?

Appellant was convicted by a jury on six counts of violating the narcotic laws of the United States. 21 U.S.C. § 174. Jurisdiction below rested on 18 U.S.C. § 3231, and here exists by reason of 28 U.S.C. §§ 1291 and 1294(1).

It is undisputed that appellant was represented by counsel of his own employment and choice at all relevant times in the district court. That defense was vigorous and able. Appellant asserts here there existed a lack of effective assistance of counsel, because of one fact— appellant's counsel's several requests for a continuance of the trial date was denied by the court below.

The six counts of the indictment rested on three alleged sales of heroin on February 21 or 22, 1961, and February 28, 1961 and March 10, 1961.

Because some of the cases cited in support of appellant's position here rest on the peculiar chronological features of the particular case, we think it necessary to set forth the following chronology:

April 13, 1961: Appellant was indicted.

April 17, 1961: Appellant was arraigned.

Appellant requested and obtained one week's delay to obtain counsel.

April 24, 1961: Appellant plead not guilty.

Jury trial set for call on May 1, 1961, and trial on May 2, 1961.

April 24, 1961: Motion for continuance denied.

It should be noted that when the case was first called for jury trial on April 24, 1961, in the courtroom to which it had been transferred for trial from the Criminal Master Calendar Courtroom, appellant's counsel announced he was "ready." (R. 5.) When trial was continued to May 1, 1961, appellant's counsel announced, not that he was not prepared

to try the matter on May 1, but that he was retained to try another case on May 1st in the State court.

On May 1, 1961, counsel stated he was in trial in another court and for the *first time,* stated he had not had time to prepare the instant case. At that time he had had at least one week. He himself said he had had two weeks (R. 366) —one week *prior* to plea, one week *after,* before trial. Three similar subsequent motions were made, one on May 1, 1961, one on May 2, 1961, and one on May 3, 1961.

On these occasions, counsel for defendant repeated in general terms that he "had not been able to complete all the work which I think is necessary for the defense of this case." At no time did counsel for defendant point out any specific areas of investigation, research, or preparation which the facts of this case required. When the court stated that there was infrequently any defense submitted in narcotic cases—that usually the defendant delayed his trial as long as possible and then presented no evidence (which was the course followed here), counsel for defendant merely stated that when heavy penalties were possibly involved, a week's preparation was not enough.

We see no reasonable basis for a rule granting additional time to prepare a defense based upon the possible penalty incurred. It is the nature of the crime charged and the intricacies of the defenses sought to be established, whether legal or factual, that have a rational relationship to the amount of time required for adequate preparation.

It is extremely important to note the trial judge recognized this, for at the conclusion of the government's case, when defendant's counsel asked for a continuance, the trial judge stated:

"If you have something you want to do to prepare for your defense and you show me that it has any semblance of anything, I will be glad to listen to it. But just a general showing of not wanting to go to

trial—you have had a week to prepare it. If you weren't ready to undertake the case, you had no business accepting a retainer."

■ Despite this invitation, counsel for appellant still offered no specific reason or theory of defense under which he could fairly and reasonably ask for further time to prepare. Not to this day, either in argument to the jury, by motion for new trial, or on this appeal has any of appellant's counsel suggested in what specific area of investigation or preparation, either legal or factual, it was reasonably necessary for the appellant to go into. While no such showing of prejudice is necessary when no time is granted, we think it material in determining how much time is "sufficient", once time has been obtained.

Trial counsel's sole reason for his inability to prepare was that *he* had "other matters to take care of" that allegedly prevented him from preparing the case for trial.

■ Counsel for appellant here must therefore take the position (as they did on oral argument) that no detriment to the appellant need be shown on this appeal, or in any case involving a claimed inadequate time, and that, as a matter of law, one week's preparation for trial of any case involving lengthy punishment, is, without any other showing, a deprivation of the effective assistance of counsel, and cause for reversal.

We cannot agree. Nor do we find the factual situation here existing comparable to those in the cases cited and relied upon by appellant.[1]

The question before us is a very practical one—"How long is long enough to prepare for a trial?" Of necessity the answer depends usually upon the nature of the case. We can concede that no time is never enough. If counsel is appointed one minute and asked to immediately commence the defense of a defendant before either a jury or the court, it seems obvious that as a matter of law, counsel has not had time enough to prepare. (This is the Vasilick case, noted in footnote 1.) But when *any* time is granted defendant's counsel within which to prepare, then the question can

[1]. In United States v. Vasilick, M.D.Penn. 1962, 206 F.Supp. 195, 199, the court appointed counsel at 1:30 P.M. and the defendant was arraigned and the trial started at 2:00 P.M. the same day. The crime charged was bank robbery, the defense, alibi, and the sentence twenty-five years.

In Bute v. People of State of Illinois, 1948, 333 U.S. 640, 660, 68 S.Ct. 763, 92 L.Ed. 986, the defendant had no counsel whatsoever, pleading guilty to taking indecent liberties with children, and received two consecutive one to twenty year sentences.

In Glasser v. United States, 1942, 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680, counsel appointed had conflicting interests in defending another defendant.

In Willis v. Hunter, 1948, 10 Cir., 166 F.2d 721, 723, the defendant's counsel was not present at his sentencing after a plea of guilty to attempted escape, but had filed a written statement on defendant's behalf. This was held not to be a denial of effective representation" at every stage of the proceedings."

In Powell v. Alabama, 1932, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, the famous Scottsboro rape case involved illiterate and ignorant "boys." Their only "representation" was that "the whole bar" had been appointed to represent them, but no individual lawyer stepped forward at the trial, held in one day, six days after indictment. The death penalty was invoked.

United States v. Bergamo, 1946, 3 Cir., 154 F.2d 31, 34, involves the astounding civil war carried on at times between lawyers of different but adjoining states. The "local associate," unacquainted with the defense, was required to present it, and the attorney hired by defendants was not allowed to speak. Held: defendant was deprived of effective representation by counsel of his own choosing. (Id. at 35.)

Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, of course, involves a defendant who was denied counsel to aid in his defense in a non-capital case, and which overruled Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, and held defendant was entitled to counsel.

We are in agreement with the holdings of each of those cases, based on the facts disclosed in each. No case factually, parallels the case at bar.

only be answered by a study of the facts of the case. After he has a chance to confer with defendant, and get his version of the facts, what needs to be done? What witnesses or documents need to be subpoenaed? What investigation need be made? What depositions are essential, if any? What witnesses can support an alibi?[2] The necessities of a net worth income tax case, or a case involving fraudulent issue of corporate securities may become complex indeed. In fact, in its adequate preparation, at times a narcotic case may be complicated —but such would be an exception rather than the rule. In defending the specific charge of the possession and sale of narcotics on certain dates, the defenses available are usually simple. While perhaps a trial judge cannot presume such a simplicity in the defense exists in all cases, is he not entitled to do so when *nothing* to the contrary is brought to his attention?

 We are forced to agree with appellee's argument when it says:

"The processes of justice are best served by an orderly procedure in our court system. What may be orderly to the court may be chaotic to an attorney's calendar; this is a fact of every day court life. With the aforementioned principle in mind it can be seen that judges must be given a great latitude in arranging their trial calendars. It is stated by the United States Supreme Court in the case of Isaacs v. United States (1895), 159 U.S. 487, 489, 16 S.Ct. 51, [52], 40 L.Ed. 229:

" 'That the action of the trial court upon an application for a continuance is purely a matter of discretion, and not subject to review by this court, unless it be clearly shown that such discretion has been abused, is settled by too

many authorities to be now open to question. [Citations omitted.] * * *'

"This statement of the Supreme Court has been echoed more recently in the Ninth Circuit cases of: Torres v. United States (9th Cir. 1959), 270 F.2d 252; Sherman v. United States (9th Cir. 1957), 241 F.2d 329; Williams v. United States (9th Cir. 1953), 203 F.2d 85 and Kramer v. United States (9th Cir. 1948), 166 F.2d 515.

\* \* \* \* \* \*

The Supreme Court has stated that the ' \* \* \* fact standing alone, that a continuance has been denied does not constitute a denial of the constitutional right to assistance of counsel.' Avery v. Alabama (1940), 308 U.S. 444, 447, 60 S.Ct. 321 [322], 84 L.Ed. 377. Time to prepare is not determinative as witnessed by the Avery case, supra, in which the Supreme Court affirmed a death sentence where the attorneys had three days to prepare the defense. See also the Ninth Circuit case of Spaulding v. United States (9th Cir. 1960), 279 F.2d 65, in which it was held that one week was ample time in which to prepare a case for trial.

"Instead of looking to time alone, the courts appear to have formulated a broader test which is well expressed in Ray v. United States (8th Cir. 1952), 197 F.2d 268, where the court said at page 271:

" 'Whether the time allowed counsel for a defendant for preparation for trial is sufficient will depend upon the nature of the charge, the issues presented, counsel's familiarity with the applicable law and the pertinent facts, and the availability of material witnesses \* \* \*.' "

---

2. As delineated in the Vasilick case, supra, upon which appellant heavily relies, whether time was "sufficient" depends "upon the nature of the charges, the issues presented, counsel's familiarity with

the applicable law and pertinent facts, and the availability of material witnesses." Ray v. United States, 8 Cir. 1952, 197 F.2d 268.

**714**

Both parties and the court agree with appellant's counsel's proposition that any defendant has a constitutional right to effective assistance of counsel. We hold in this case, this appellant had such assistance.[3]

The judgment of conviction is affirmed.

---

**3.** Appellant's brief at times wanders toward (1) a protest as to the length of the sentence meted out (with which judgment, of course we can have nothing to say or do), and (2) that "a one-sided presentation of the evidence took place."

It is true that the defendant declined to take the stand, or to present any evidence on his own behalf. Such matters as skillful cross-examination and trial tactics still are part of our adversary system of trial.