**Angelo PACCIONE, Appellant,**

v.

**David M. HERITAGE, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.**

No. 19377.

United States Court of Appeals
Fifth Circuit.

Oct. 3, 1963.

Emmet Bondurant, Atlanta, Ga., for appellant.

Allen L. Chancey, Burton Brown, Asst. U. S. Attys., Atlanta, Ga., David Rubin, Atty., Dept. of Justice, Washington, D. C., Charles L. Goodson, U. S. Atty., for appellee.

Before HUTCHESON and BROWN, Circuit Judges, and NOEL, District Judge.

6. Hodgson v. Celebrezze, supra.

NOEL, District Judge.

This is an appeal from the denial by the district court of appellant's petition for writ of habeas corpus.

The appellant was convicted in the United States District Court for the Southern District of New York under three counts of a five-count indictment: Count I, alleging conspiracy to violate the narcotics laws, and Counts IV and V, alleging substantive violations of the narcotics laws. He was sentenced on December 22, 1954. His conviction was affirmed by the Court of Appeals for the Second Circuit in United States v. Paccione, 224 F.2d 801 (2d Cir. 1955), cert. den. 350 U.S. 896, 76 S.Ct. 155, 100 L.Ed. 788 (1955). Subsequently, on October 22, 1960, appellant unsuccessfully moved to correct his sentence under 28 U.S.C.A. § 2255. An appeal from the denial of this motion was dismissed as frivolous by the Court of Appeals for the Second Circuit on April 10, 1961.

▇ Being confined in a federal penitentiary in Georgia, appellant then filed a petition for writ of habeas corpus in Georgia, which was denied. On appeal this Court affirmed the denial per curiam. Paccione v. Heritage, 301 F.2d 702 (5th Cir. 1962). Because this Court failed to appoint counsel to represent the appellant or to permit him to appear in his own behalf, although the Government was allowed to argue on appeal, the Supreme Court reversed. Counsel was appointed and the case was rescheduled for argument. The appellant and appellee are in agreement that 28 U.S.C.A. § 2255 does not foreclose habeas corpus relief to the appellant since he contends that his sentence is being erroneously construed by his warden rather than that it is illegal.

Appellant (petitioner below) complains that in imposing sentence upon him, the District Judge (a) failed to state the sequence in which the sentences under the three respective counts of the indictment were to be served, and (b) failed to make any reference to the separate counts of the indictment from which the sequence of service might be inferred. Appellant asserts that the Court below (Northern District of Georgia) erred in not releasing him from imprisonment immediately. Appellant says that the failure of the sentencing judge to state the sequence of service of multiple sentences made the sentences under the respective counts run concurrently rather than consecutively and, therefore, appellant having fully served the concurrent term, he was and is entitled to immediate release from imprisonment.

▇ In imposing sentence upon appellant, the District Judge (Southern District of New York) stated:

"I am going to give you an extremely heavy sentence. I am going to give you the maximum which I can impose of five years on each count to run consecutively."

The Judgment and Commitment signed by the sentencing judge refers to service of sentence under the counts in the following manner: "Five years on each of Counts 1–4–5 to run consecutively."

According to United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309 (1925), the lack of an express specification of the sequence of service of consecutive sentences does not render a sentence concurrent as a matter of law. Daugherty propounds the test that "Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded." Tested by this standard, the sentence here questioned was sufficient to impose total imprisonment for fifteen years, made up of three five-year terms to be served consecutively and to follow each other in the same sequence as the counts appeared in the indictment. This is the reasonable and natural implication from the whole entry.

For the foregoing reason the judgment dismissing the petition for habeas corpus must be

Affirmed.