**UNITED STATES of America,**
Appellee,

v.

**Howard S. LOTSOF, Appellant.**

**No. 385, Docket 31564.**

United States Court of Appeals
Second Circuit.

Argued April 3, 1968.
Decided May 8, 1968.

H. Elliot Wales, New York City, for appellant.

Roger J. Hawke, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, Pierre Leval, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before MOORE, WOODBURY * and SMITH, Circuit Judges.

PER CURIAM:

Howard Lotsof, defendant-appellant, was convicted on three counts of selling the hallucinogenic drug known as LSD, a misdemeanor under 21 U.S.C. §§ 331 (q) (2), 360a(b). He was also convicted of conspiracy to sell LSD in violation of the above statutes. The jury acquitted Lotsof on three other counts involving alleged narcotics violations. The District Court imposed consecutive sentences of six months each on the sale counts, for a total of eighteen months, and suspended sentence on the conspiracy count placing him on probation to commence upon the completion of the prison sentences.

 Appellant argues that it was reversible error for the trial court to charge that statements in the summation of defense counsel concerning the law of conspiracy might have "misled" the jury "somewhat." The court's statement was entirely proper in light of the fact that defense counsel had dwelt at length and inaccurately on the law of conspiracy.

Citing United States v. Dichiarinte, 385 F.2d 333 (7th Cir. 1967), appellant contends that the trial court unfairly characterized his defense when the court stated to the jury that the defendant was suggesting that the federal agents were lying and that they had framed the defendant. We do not find this to be reversible error because in this case, unlike *Dichiarinte*, appellant's counsel did controvert several government assertions in a way which could only indicate that someone was lying and he did suggest that marijuana and LSD found in Lotsof's apartment might have been placed there by the narcotics agents after Lotsof had been arrested.

Finally, considering the nature of the offenses, the consecutive sentences imposed in this case were well within the discretion of the trial judge. See United States v. Paccione, 224 F.2d 801 (2d Cir. 1955).

We have considered appellant's other contentions and, finding them to be without merit, we therefore affirm.