UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard Owen LONG, Defendant-Appellant.

No. 27647
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Dec. 3, 1969.

**92**

F. Don Siegal, Birmingham, Ala. (court-appointed), for defendant-appellant.

Wayman G. Sherrer, U. S. Atty., Melton L. Alexander, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

CARSWELL, Circuit Judge.

■ Appellant was charged in counts one and three of a three count indictment,[1] with violations of 18 U.S.C. § 473 relating to the sale, transfer and delivery of counterfeit Federal Reserve Notes. A jury verdict of guilty was returned on count one and an Order of Mistrial was entered on count three. We affirm.[2]

Appellant rests his appeal on four grounds:

1. The uncorroborated testimony of an accomplice is insufficient to sustain a conviction.[3]

2. The District Court abused its discretion in denying appellant's Motion for a Continuance.

3. Appellant was denied effective assistance of counsel.

4. Prejudice by the failure of the District Court to comply with the Court Reporter Act, 28 U.S.C. § 753.

We take them in this order.

In Lyles v. United States, 249 F.2d 744 (5th Cir. 1957), certiorari denied, 356 U.S. 931, 78 S.Ct. 773, 2 L.Ed.2d 761, this Court held that the testimony of an accomplice witness raised an issue

1. Alice Grady Creel, who was charged in count two of the indictment had previously pleaded guilty, and in this trial testified as a government witness after having been sentenced to three years probation.

2. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526 [Oct. 7, 1969].

3. Note 1, supra.

of credibility for the jury and did not require corroboration in order to sustain a conviction.

Viewing the evidence in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the jury was justified in finding that appellant met the accomplice witness Creel and one Johnson at a cafe and sold Creel a quantity of counterfeit twenty dollar bills in his possession.

█ The case of United States v. Murphy, 253 F. 404 (D.C.N.Y.1918), relied upon by appellant is inapposite to the present situation. In Murphy the only evidence of guilt was the thoroughly *discredited* testimony of an accomplice witness. Moreover, in the present case, were the rule as appellant would have it, there is sufficient evidence to corroborate Creel's testimony. Witness Johnson, who was the agent through whom appellant met Creel and had knowledge of the purpose of the meeting and was present, substantially corroborated Creel's testimony.

Appellant's second and third allegations of error, abuse of discretion in denying a continuance and ineffective assistance of counsel are closely related. Appellant predicates his ineffective assistance argument upon the ground of inadequate time for preparation.

The indictment was filed on June 6, 1967 and appellant entered a plea of not guilty at an arraignment on July 7, 1967. He failed to appear in court when the case was set for trial on August 7, 1967; accordingly, forfeiture of bail was taken and a warrant issued. Appellant was thereafter arrested in Florida in July 1968 and was returned to the Northern District of Alabama where trial was scheduled on the trial docket which commenced December 2, 1968.

Some time prior to the date of trial appellant's retained attorney, Mr. Asman, withdrew from the case. The circumstances surrounding this withdrawal are obscure.[4] Though it appears that knowledge of the withdrawal was brought to the Court's attention prior to the date set for trial, no formal order allowing withdrawal was entered.

Appellant then retained the services of Attorney Peyton who notified the Court on the morning of December 2, 1968, that he had been employed to represent the appellant. Trial was set for December 4.

On December 4, 1968, appellant moved for a continuance. A hearing was held on the motion and it was denied. The selection of the jury began and was completed on December 4. The court then recessed and the trial resumed on December 5, 1968.

Appellant had originally been accused of crimes in four separate indictments. The government elected to proceed on the counterfeit indictment alone. The record reveals that appellant's case was by no means a protracted or complicated matter. The government's case was based upon the testimony of six witnesses. Prior to the motion for a continuance the government opened its entire

---

4. The following is a portion of the discussion which took place on the motion:

"THE COURT: Case number 67–154, which involves whiskey violations; case number 67–180, which is also whiskey violations; case number 67–181, which is the present case for trial charging transfer of counterfeit notes, and case 67–45–Southern, which is a bail jumping case. Now, let the record show that the Hon. Harry Asman some several days before the beginning of this docket on last Monday notified the court that he would no longer represent Mr. Long. And correct me now, if I am incorrect in this, my remembrance is that he was discharged; is that correct?

MR. ALEXANDER: Your Honor, our notification was that he did not represent him. The exact circumstances, I do not know.

THE COURT: Well, anyhow, that was my impression.

MR. PEYTON: *I think it was more or less mutual.*

MR. ALEXANDER: I think the court is correct in its impression, Your Honor."

(Emphasis added).

case file for defense counsel's inspection. This was a complete disclosure of the government's full file *without restriction*. The record does not reveal any requests for time to subpoena known witnesses on behalf of appellant. The entire trial took place December 5, 1968.

 In the absence of a clear abuse of discretion the denial of a continuance will not be reversed upon appeal. Joseph v. United States, 343 F.2d 755 (5th Cir. 1965), certiorari denied 382 U.S. 828, 86 S.Ct. 65, 15 L.Ed.2d 73. In light of the uncomplicated nature of the present case, appellant's full access to the government's complete file, including names of all government witnesses and their full statements, we cannot find an abuse of discretion in denying a continuance.

 Appellant's allegations in regard to ineffective assistance of counsel stem from the asserted lack of opportunity to prepare for trial. Appellant contends that the fact that trial counsel failed to object to testimony except for one instance, failed to summon character witnesses to support him and moved for a verdict of acquittal only upon being "reminded" by the Court, establishes lack of effective assistance. A review of the record simply does not bear this out. In almost any case a hindsight combing of the record will reveal possible alternatives in trial tactics. For this reason the rule is well established that counsel's actions or omissions must be of such a nature as to render the trial a farce and a mockery of justice which shocks the conscience of the court. Odom v. United States, 377 F.2d 853, 858–859, 22 A.L.R.3d 705 (5th Cir. 1967). Appellant's allegations are insufficient to point to anything more than tactical decisions of counsel and do not support a claim of ineffectual assist-

ance. Burton v. United States, 80 U.S. App.D.C. 208, 151 F.2d 17 (1945), certiorari denied 326 U.S. 789, 66 S.Ct. 473, 90 L.Ed. 479; Odom v. United States, supra. Appellant's claim of lack of adequate time to locate alibi witnesses is without merit in light of appellant's own testimony which placed him in Creel's company at the time and places alleged.

Appellant's fourth and final allegation is that the failure to have a court reporter record sidebar conversations between court and counsel, jury panel *voir dire* and opening and closing arguments of counsel, was a violation of the Court Reporter Act, 28 U.S.C. § 753, and constitutes reversible error.

 On many prior occasions this Court has considered this question. While full and explicit compliance with the Act would eliminate many problems arising subsequent to trial and its non-observance has been repeatedly discouraged, the rule in this Circuit is established that the failure to record such proceedings is not *per se* reversible error. Strauss v. United States, 311 F.2d 926 (5th Cir. 1963); Addison v. United States, 317 F.2d 808 (5th Cir. 1963). In Strauss and Addison the Court clearly stated that in order to require reversal, some specific error or prejudice resulting from failure to record such proceedings must be called to the Court's attention. In the present case no such specific objections or allegations were made before the trial court or this Court. This fact alone destroys appellant's position, Addison v. United States, supra at 811, and distinguishes the present case from those in which this Court has reversed convictions for failure to record proceedings.[5]

The judgment of conviction is

Affirmed.

---

5. Stephens v. United States, 289 F.2d 308 (5th Cir. 1961), (inability to review specified errors because of failure to record).

Fowler v. United States, 310 F.2d 66 (5th Cir. 1962) (alleged prejudicial remarks in unrecorded closing argument).