STATE OF HAWAII, Plaintiff-Appellee, *v.*
RICHARD ANTONE TORRES, Defendant-Appellant

No. 5266

JUNE 4, 1973

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY ABE, J.

On November 29, 1971, defendant-appellant Richard Torres (hereinafter appellant) was convicted in circuit court of burglary in the second degree. He takes this appeal from the judgment of conviction and sentence entered on January 14, 1972. The appellant makes

several contentions, but we find it necessary to discuss only one of them, for the others are clearly without any merit. The appellant's most viable contention is that he was denied his constitutional right to the effective assistance of counsel for his defense.

When the case against appellant came on for trial in the circuit court, appellant personally moved for the appointment of a new attorney. When the court inquired as to the reasons for appellant's request, the appellant informed the court that he (the appellant) had lost confidence in his court-appointed attorney, Mr. Dwight, because that attorney had allegedly totally failed to notify the appellant that his case was coming up for trial, and that appellant apparently only found out about the trial date due to the efforts of the bondsman. Mr. Dwight stated that his office had in fact notified the appellant of the trial date. The statements of the appellant, of Mr. Dwight, and of the bondsman on the matter of notice are irreconcilable, but the trial court stated that it disbelieved the appellant's statement that appellant was not notified, and also informed the appellant that appellant had a duty to check with his attorney regarding date of trial.

Nonetheless, the trial court, at appellant's request, dismissed Mr. Dwight and appointed Mr. Hall, another attorney selected by appellant, to conduct the defense. Both the appellant and Mr. Hall moved for a continuance in order for Mr. Hall to prepare, but the motions were denied. The court cited as reasons the fact that a jury was waiting to be impaneled and that the case had already been postponed several times. In response to the formal motion for continuance made by Mr. Hall, the prosecuting attorney stated that since the belated appointment of Mr. Hall as attorney for the appellant, Mr. Hall had access to the complete file of the case compiled by the Prosecuting Attorney's office and was permitted to take notes at will from that file. The full file

of Mr. Dwight was also available to Mr. Hall under the same conditions.

The trial, which commenced about twenty-four hours after the appointment of Mr. Hall, took only about a day and a half. A review of the transcript reveals an able performance by Mr. Hall, and also reveals no complicated issues of law that were raised, or that, in our opinion, could have been properly raised.

In evaluation of a contention that a criminal defendant was denied the right to effective assistance of counsel, we are not unmindful of the basic importance of the right. The right is of constitutional stature, U.S. Const., 6th Amendment, 14th Amendment, Hawaii Const., Article I, Sec. 11. The particular rights of indigents to effective assistance of counsel have been recognized and expanded during the last forty years. *Powell* v. *Alabama,* 287 U.S. 45 (1932); *Johnson* v. *Zerbst,* 304 U.S. 458 (1938); *Betts* v. *Brady,* 316 U.S. 455 (1942); *Gideon* v. *Wainwright,* 372 U.S. 335 (1963); and *Argersinger* v. *Hamlin,* 407 U.S. 25, 92 S. Ct. 2006 (1972). *Cf. In re Gault,* 387 U.S. 1 (1967) and *Danforth* v. *State Dept. of Health and Welfare,* ____Me.____, ____A.2d____, 41 U.S.L.W. 2586 (April 17, 1973).

However, there is no absolute right, constitutional or otherwise, for an indigent to have the court order a change in court-appointed counsel. *Brown* v. *United States,* 264 F.2d 363 (D.C. Cir. 1959), *cert. den.* 360 U.S. 911 (1959);*United States* v. *Gutterman,* 147 F.2d 540 (2nd Cir. 1945). *Cf. Re Edward J. Carvelo,* 44 Haw. 31, 49, 352 P.2d 616, 628 (1959). Similarly, there is no *per se* rule regarding constitutionally adequate time in which court-appointed counsel may prepare. It is said that the court does not fulfill its duty of providing counsel by assignment of an attorney "at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case." *Powell* v. *Alabama,* 287 U.S. 45, 71 (1932). Generally,

any request for continuance is to be disposed of in the discretion of the trial judge. A denial of a continuance is not *per se* a denial of the constitutional right to counsel, but the appellate court should scrupulously review the record to determine whether, under all the circumstances, there was an abuse of discretion that prejudiced the defendant by amounting to an unconstitutional denial of the right to *effective* assistance of counsel. *Avery* v. *Alabama,* 308 U.S. 444, 446-7 (1940) ; *Chambers* v. *Maroney,* 399 U.S. 42, 53-4 (1970) .

We are inclined to use a balancing test in our evaluation of contentions as to denial of effective assistance of counsel in this type of situation. On the one hand, the defendant is not to be permitted, by shuffling his case from one member of the bar to another, to impede the course of justice or divert or blockade the orderly flow of business in our court system. This is especially true, when, as here, defendant makes a motion for change of counsel or continuance very close to time of trial and for less than compelling reasons. *Thompson* v. *State,* 462 P.2d 299, 302 (Okla. Crim. 1969) ; *Keys* v. *State,* 486 S.W.2d 958 (Tex. Crim. App. 1972) ; *People* v. *Carr,* 8 Cal. 3d 287, 299, 502 P.2d 513, 520, 104 Cal. Rptr. 705, 712 (1972) . As succinctly stated in *Arellanes* v. *United States,* 302 F.2d 603 (9th Cir. 1962) , *cert. den.* 371 U.S. 930 (1962) :

> "There must be a limit to the waste of time and expense to which a court must submit by reason of a defendant coming into court and by whim and caprice discharging his attorney and causing the trial to be postponed." 302 F.2d at 610.

The factor of due consideration for the orderly administration of justice applies with greatest force, where, as here, the criminal defendant (appellant) has been represented for over a year by counsel who is prepared and willing to go to trial, and the criminal defendant suddenly wishes to dismiss him at the eleventh hour,

*United States* v. *Paccione,* 224 F.2d 801 (2nd Cir. 1955), *cert. den.* 350 U.S. 896 (1955). On the other hand, blind adherence to a court calendar does not justify denying the defendant the assistance of counsel who is adequately prepared. *Releford* v. *United States,* 288 F.2d 298 (9th Cir. 1961).

Our review of the authorities leads us to synthesize this rule: where the trial court exercises its discretion to approve new counsel for an indigent defendant it must provide new counsel adequate time to prepare to try the case. However, in light of the need to adhere to the court calendar and the great discretion vested by our system in the trial judge in the matter of granting continuances, the burden is on the defendant to show the inadequacy of the preparation time by a demonstration of actual, not speculative, prejudice. We now consider the factors relevant for determining actual prejudice.

Length of time is not, *per se,* dispositive of the issue, *Chambers* v. *Maroney,* 399 U.S. 42, 53-4 (1970), though very short periods of time for preparation may weigh heavily in a demonstration of prejudice. *United States* v. *Helwig,* 159 F.2d 616, 618 (3rd Cir. 1947); *Townsend* v. *Bomar,* 351 F.2d 499 (6th Cir. 1965); *United States* v. *Knight,* 443 F.2d 174 (6th Cir. 1971). Here the preparation time was about one calendar day, and thus we must turn to other factors in evaluating whether appellant was actually prejudiced by the trial judge's actions.

A second important factor is the complexity of the case on the facts and on the law. Where either of these aspects of the case presents convoluted problems requiring great research, clearly greater time is required. *Cf. Foxworth* v. *State,* 267 So.2d 647, 651 (Fla. 1972), *Joseph* v. *United States,* 321 F.2d 710 (9th Cir. 1963), *cert. den.* 375 U.S. 977 (1964); *Ungar* v. *Sarafite,* 376 U.S. 575, 589-91 (1964). Here, the appellant's case was quite simple as to the relevant law, and not inordinately complex on its facts. We are unconvinced that more

preparation time would have resulted in even a marginally different or superior defense.

Another factor entitled to great weight is counsel's performance at trial. When we inquire "into the ability, experience, and zeal with which counsel acted . . . at the trial," *Moore* v. *United States,* 432 F.2d 730, 735 (3rd Cir. 1970), we find no deficiencies and are again unconvinced that a further delay prior to trial would have resulted in a substantially improved performance.

Still another factor of great weight is the access to, and availability of, the work product of other attorneys who have been involved with the case. *United States* v. *Long,* 419 F.2d 91, 94 (5th Cir. 1969). Here complete access was had to the prosecution's file with complete freedom to take notes at will, and also the file of Mr. Dwight was likewise available to Mr. Hall for his unrestricted use in putting on the appellant's defense, and we fail to ascertain any reason to suppose that greater time for preparation would have resulted in a substantially improved case folder. It would seem that the background of the case known to Mr. Hall at the time of trial was at least equal to that that would have been possessed by Mr. Dwight, who would have defended appellant if the trial court had not exercised its discretion to appoint Mr. Hall.

A final factor entitled to consideration is the criminal defendant's own motivation in seeking a new lawyer and that defendant's own responsibility for the degree of unpreparedness, if any, shown by the new attorney. The most significant aspect of the circumstances of this case in this regard is the fact that appellant did not request a change until the very moment of the trial itself. As we noted, the trial court told appellant that appellant had the duty to check with counsel as to trial date, and also disbelieved appellant's statement that appellant had not already been informed as to the trial date. While there may well be some cases where both new counsel and long

continuance are appropriately ordered even at the moment of trial, where a defendant is himself to blame for tardiness of request for new counsel as would appear to be the situation here, this fact is extremely significant in showing that there was no abuse of discretion in failure to grant a requested continuance. *Torres* v. *United States*, 270 F.2d 252, 254 (9th Cir. 1959), *cert. den.* 362 U.S. 921 (1960); *United States* v. *Arlen*, 252 F.2d 491 (2nd Cir. 1958). Moreover, while we do not seize this opportunity to speculate on appellant's actual motives in seeking a change of counsel and a continuance, given that the circuit court judge had a better opportunity than we to observe the appellant's demeanor and evaluate his factual statements, we cannot find any abuse of discretion in a trial court finding less than sufficient reason, under the circumstances, for acceding to appellant's request to delay the trial. It appears that defendant's own actions have been a but for cause in his own alleged damage from inadequacies of counsel, even if there had been any, we do not think such defendant entitled to come to this court for relief.

Therefore, in light of the fact that appellant's own actions contributed significantly to creating this predicament, in light of the other above enumerated factors, which we feel fail to demonstrate any prejudice beyond the most speculative sort, and in light of the great discretion wisely invested in the trial court as to determination of the appropriateness of granting continuances, we find no deprivation of the right to effective assistance of counsel. The appellant had a fair trial.

Affirmed.

*David W. Hall and Welcome S. Fawcett (Hart, Sherwood, Leavitt, Blanchfield and Hall* of counsel) for defendant-appellant.

*Douglas H. Ige,* Deputy Prosecuting Attorney *(Barry Chung,* Prosecuting Attorney, with him on the brief), for plaintiff-appellee.

DISSENTING OPINION OF KOBAYASHI, J.,
WITH WHOM LEVINSON, J., JOINS

I dissent.

The heart of the matter is that though appellant's motion for change of appointed counsel was granted, new counsel was not allowed sufficient time to prepare the case.

At 9:40 a.m. on November 22, 1971, appellant's motion for new counsel was denied. After appellant informed the trial court that he would pay for his own attorney, the trial court allowed appellant one hour to find another attorney. The following colloquy ensued.

> THE DEFENDANT: Yeh, even if I have to pay for my own attorney, I pay for 'em.
>
> THE COURT: Now you can pay for your attorney?
>
> THE DEFENDANT: Well, I try. Now I working. I try.
>
> THE COURT: What?
>
> THE DEFENDANT: I going try. Because I no like go to court with this feeling that, you know, I already lost the trial before I even start it, and that's the feeling I got so I don't want to go to trial that way.
>
> THE COURT: Mr. Torres, you're going to pay for your own attorney?
>
> THE DEFENDANT: If I have to, I'm going to pay for my own attorney.
>
> THE COURT: All right, Mr. Torres. The court will give you half an hour to get a new attorney.
>
> THE DEFENDANT: Half an hour to get a new attorney?
>
> THE COURT: Yes. Because I don't want to dismiss the jurors. They're outside waiting for this case to go on trial. And you know what it's costing the State?
>
> THE DEFENDANT: Your Honor, if I lose this case, I'm going jail probably, right? And you give me half an hour for, you know.

THE COURT: All right. I'll give you one hour to get a new attorney.

THE DEFENDANT: Okey. I try get one new attorney in one hour.

At 10:50 a.m. the appellant returned to court with Mr. Hall of the Public Defender's Office. The Court then discharged Mr. Dwight, appellant's former court appointed attorney, and appointed Mr. Hall as appellant's attorney but the court refused to grant appellant's request for a continuance of the trial in order that his new attorney may have time to prepare for trial.

The majority considered several factors in arriving at the conclusion that no actual prejudice was suffered by appellant.

As to exact length of time, Mr. Hall had less than 24 hours to prepare the appellant's case for trial.

As to the complexity of the case, the majority deems it "quite simple", involving "only about a day and a half of trial." It should be noted that the appellant's trial involved 14 exhibits and the testimony of 11 witnesses, including the testimony of a fingerprint expert. There is no question that Mr. Hall was denied reasonable opportunity to interview the witnesses, examine all exhibits in detail, prepare for voir dire of jurors which occurred on the same day as the appointment, secure expert testimony regarding the fingerprint evidence, and conduct a careful independent investigation of the facts of the case.

In addition to being deprived of the above opportunities to prepare the case, appellant was deprived of the most significant aspect of legal counsel — that of unhurried, reasoned analysis of all the circumstances of the case.

In *Moore* v. *United States*, 432 F.2d 730, 735 (3rd Cir. 1970), relied on by the majority, it was stated:

Adequate preparation for trial often may be a more

important element in the effective assistance of counsel to which a defendant is entitled than the forensic skill exhibited in the courtroom. The careful investigation of a case and the thoughtful analysis of the information it yields may disclose evidence of which even the defendant is unaware and may suggest issues and tactics at trial which would otherwise not emerge.

The majority accords great weight to the fact that Mr. Hall had access to the prosecution's file and work done by Mr. Dwight, the appellant's original attorney. Knowledge of the prosecutor's version of the facts obviously does not alleviate the need for defense counsel to conduct an independent investigation of the case. Reliance on the prosecutor's file alone by defense counsel would certainly be the result of poor judgment.

Even coupled with Mr. Dwight's work, the fact remains that Mr. Hall was required to select a jury immediately and had less than 24 hours thereafter to familiarize himself with the details of the case and throw together some sort of defense.

The majority's discussion regarding appellant's motivation for seeking a new lawyer is absolutely irrelevant. Whether defendant's motives were justifiable or not go to the issue of whether counsel should have been granted. In this case new counsel was granted by the court.

Though the majority feels that defendant's motivation is "extremely significant in showing that there was no abuse of discretion in failure to grant a requested continuance", the majority claims it did not "seize on this opportunity to speculate on appellant's actual motives". Nevertheless, the majority felt that any damage suffered by the appellant was brought upon himself by his own actions. In fact, what the majority has done, is to penalize the appellant for exercising a constitutional right. There is absolutely *no* evidence in the record regarding the defendant's bad motives for obtaining a

new lawyer. Nor is there any finding by the trial court that appellant's request for continuance was denied because of defendant's bad motives.

The nuts and bolts of this case are that the trial court created the dilemma for the appellant by appointing a new counsel and denying sufficient time to the new counsel to prepare for trial in order that he may render effective counseling. To penalize appellant for the court's exercise of discretion of appointing a new counsel is the height of contradiction. Furthermore, it is most unjudicial of an appellate court to speculate by stating "we are unconvinced that more preparation time would have resulted in even a marginally different or superior defense". How can this court project itself into a vacuum and positively determine that the appellant's attorney, given more time, still could not have done better or could not have discovered a defect in the armor of the prosecution? To say the least, though the majority admonishes the use of speculation as a substitute for actual prejudice yet the majority relies strictly on speculation and guesswork as the substance of its holding.

I am of the opinion that the fact that appellant's new attorney was denied even a reasonable time adequately to prepare for trial in itself constitutes prejudice to the appellant and also a denial of effective assistance of counsel to which appellant is constitutionally entitled.

Less than one day to prepare for a felony trial which may result in a serious deprivation of liberty, can hardly afford a defendant the effective assistance of counsel envisioned by *Powell* v. *Alabama*, 287 U.S. 45, 71 (1932). In fact, to hold that appellant's case would not "have resulted in even a marginally different or superior defense" and in effect to penalize the appellant for trying to procure sufficient time for his new counsel to prepare his case renders the 6th Amendment right to effective counsel a mere shibboleth of freedom.