## STATE OF HAWAII, Plaintiff-Appellee, *v.* JO ANN SOTO, Defendant-Appellant

### NO. 6201

FEBRUARY 28, 1979

RICHARDSON, C. J., OGATA, MENOR AND
KIDWELL, JJ., AND RETIRED JUSTICE KOBAYASHI
ASSIGNED BY REASON OF VACANCY

*Per Curiam.* The defendant was convicted of prostitution by the district court. She appeals from the judgment and sentence, asserting (1) that the trial court erred in denying her motion for a continuance, and (2) that the trial court erred in refusing to require the prosecutor to disclose the name of the informer whose statements to the police led to the discovery of the defendant's involvement in prostitution on the Finlandia Health Spa premises. We reverse on the sole ground that the district court abused its discretion in denying the defendant's motion for a continuance.

The defendant was arrested by the police on April 14, 1976. The following day, April 15, 1976, she appeared before Judge Huddy and entered her plea of not guilty. Judge Huddy referred the defendant to the public defender's office, and at the same time scheduled her case for trial before Judge Takao on April 21, 1976. The defendant telephoned the public defender's office later that day, but was unable to obtain an appointment until 4:00 p.m. on April 20, 1976,[1] the day before the scheduled trial. The defendant kept that appointment.

---

[1] The day following the referral was Good Friday, which was a legal holiday.

When trial commenced at 8:00 a.m. on April 21, 1976, defense counsel moved for a continuance on the ground that she had not had adequate time within which to prepare for trial. The transcript reveals the following exchange with the court:

> MRS. TEKELI: I further make a motion for a continuance on the ground that I have not been able to properly prepare a defense in this case to —
>
> THE COURT: On what grounds? She was referred over two weeks.
>
> MRS. TEKELI: But the earliest appointment she could get in my office was yesterday afternoon.
>
> THE COURT: Did you talk to her again this morning?
>
> MRS. TEKELI: Yes, but I need the time to subpoena a witness.
>
> THE COURT: If a subpoena is necessary, the case will be continued. We will hear the prosecution's case first, okay.
> *     *     *     *
>
> MRS. TEKELI: If my motion to dismiss is denied, I request a continuance so that I can subpoena the owner of Finlandia so that I can investigate. I have not had a chance to properly prepare.

Judge Takao was obviously mistaken when, in denying the motion, he concluded that the defendant had two weeks within which to consult with the public defender. The defendant was referred by Judge Huddy to the public defender on April 15, 1976, and trial was scheduled for April 21, 1976.

It is clear that a person accused of a crime is entitled to a fair and reasonable time to prepare a defense and to allow defense counsel sufficient time to prepare adequately for trial. *White v. Ragen*, 324 U.S. 760 (1945). The State contends that under the rule enunciated by this court in *State v. Torres*, 54 Haw. 502, 510 P.2d 494 (1973), where a similar denial of an application for a continuance was upheld, the trial court did not abuse its discretion in denying the continuance. The factual situation in this case, however, does not lend itself to the application of *State v. Torres, supra.* In that case the defendant had been represented by counsel who was pre-

pared and willing to proceed with trial. Nevertheless, at the commencement of trial the defendant moved for the appointment of a new attorney. Although the trial court found the defendant's reasons to be less than adequate, a new attorney was appointed to represent him. A motion for a continuance was thereafter made and denied by the court and trial commenced the following day. On appeal this court found that the defendant, under the circumstances, had suffered no actual prejudice from the denial of his motion. This court was particularly influenced by the fact that the case was relatively uncomplicated, both as to the law and the facts; the performance of the new attorney was more than adequate; and he had available to him not only the work product and trial preparation material of the previous attorney, but also complete access to the files of the prosecuting attorney. This court further observed that "where the defendant is himself to blame for tardiness of request for new counsel as would appear to be the situation here, this fact is extremely significant in showing that there is no abuse of discretion in failure to grant a requested continuance." 54 Haw. at 508, 510 P.2d at 498.

Although there is "no *per se* rule regarding constitutionally adequate time in which court-appointed counsel may prepare," *State v. Torres, supra,* 54 Haw. at 504, 510 P.2d at 496, the preparation time in this case was altogether too brief to assure the defendant of effective assistance of counsel. The defendant was first interviewed by the public defender at 4:00 p.m. on April 20, and trial commenced at 8:00 a.m. the following morning. Thus, the defendant's attorney had a period of only 16 hours in which to prepare for trial. Admittedly, this was not a complex case, but no court trial is really so simple that the ordinary attorney need not be afforded a reasonable time in which to analyze and evaluate the facts, study the law of the case, plan trial strategy, and prepare his witnesses for their testimony. In *Moore v. United States,* 432 F.2d 730, 735 (3rd Cir. 1970), the court, recognizing the importance of preparation time, stated:

> "Adequate preparation for trial often may be a more important element in the effective assistance of counsel

to which a defendant is entitled than the forensic skill exhibited in the courtroom. The careful investigation of a case and the thoughtful analysis of the information it yields may disclose evidence of which even the defendant is unaware and may suggest issues and tactics at trial which would otherwise not emerge.''

Upon referral by the district judge, the defendant promptly called the public defender's office. She ought not to be penalized for her inability to obtain an earlier appointment. Justice does not require so speedy a trial as would result in the deprivation of the right of an accused to effective assistance of counsel.

Reversed and remanded for new trial.[2]

*Raymond Gurczynski*, Deputy Public Defender, for defendant-appellant.

*Lydia Garcia*, Deputy Prosecuting Attorney, for plaintiff-appellee.

---

[2] The defendant's contention that the trial court abused its discretion in refusing to require the prosecutor to disclose the name of the informer in this case is without merit. See State v. Texeira, 50 Haw. 138, 433 P.2d 593 (1967).