**STATE OF HAWAII**, Plaintiff–Appellee, v. **DAVID ALAN CHUN**, Defendant–Appellant

## NO. 12880

(POLICE REPORT NO. W63286)

JANUARY 11, 1989

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

The issue on appeal is whether the trial court abused its discretion by refusing to recognize Appellant's co–counsel at trial. We answer in the affirmative and therefore reverse.

I.

On May 13, 1987, Defendant–Appellant David Alan Chun was charged with Driving Under the Influence of Intoxicating Liquor in violation of Hawaii Revised Statutes (HRS) § 291–4(a)(1) and (a)(2). On May 20, 1987, Appellant appeared with counsel of choice, Nils Katahara (Katahara), and pled not guilty to both counts. On February 5, and 17, 1988, trial was held on the (a)(1) violation with the State calling as its witness the arresting officer. After the State rested its case, defense counsel Katahara informed the court that attorney Steve Barta (Barta) would be taking his place as lead counsel, with Katahara remaining as co–counsel. The prosecutor objected on the grounds that no prior notice was given to the State of the proposed substitution of lead counsel. Although Barta was then present in the courtroom, the court ruled that it would not recognize Barta as Appellant's counsel and ordered Katahara to proceed with the defense's case. Without calling any witnesses, the defense rested.

The court found Appellant guilty of violating HRS § 291–4(a)(1), from which Appellant brings this appeal.

II.

The decision to allow the association of additional counsel at trial is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Torres*, 54 Haw. 502, 510 P.2d 494 (1973).

We hold that the trial court's refusal to recognize Barta as Appellant's co–counsel was an abuse of discretion. In refusing to recognize Barta, the court's only basis for its decision was that the request was made on the "eve of the trial." Yet recognition of Barta would not have resulted in any prejudice to the State, nor would it have caused a delay or continuance of the trial as Barta was then present in the courtroom. If the court was genuinely concerned that Appellant's request was a veiled attempt to delay the proceedings, it should have inquired into the reasons for the requested association, instead of blankly refusing to hear Barta when he appeared ready to address the court.

The State, however, argues that the court's refusal to recognize attorney Barta was proper since Appellant failed to comply with Rule 39.1(b),[1] *District Court Rules of Civil Procedure* (DCRCP) and Rule 45,[2] *Hawaii Rules of Penal Procedure* (HRPP), which require that before additional counsel can be heard, Appellant must have first requested prior leave of court.

The State's argument fails for two reasons. First, the *District Court Rules of Civil Procedure* are inapplicable here as they only apply to suits civil in nature. *See* DCRCP, Rule 1. And secondly, contrary to the State's contention, Rule 39.1 did not require Appellant to have first applied for leave of court to add Barta as co–counsel. Indeed, Rule 39.1(b)(2) supports our conclusion that the court abused its discretion in refusing to recognize Barta since it grants a defendant an absolute right to have two counsel without requesting prior leave of court to do so. Thus, if this action was civil in nature, Appellant's right to be represented by Barta at trial would have been unquestioned.

Reversed.

*Nils Paul S. Katahara*, for Defendant–Appellant.

*Vickie L. Silberstein*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.

---

[1] *District Court Rules of Civil Procedure*, Rule 39.1(b), provides that:

(b)  Except by leave of court:

(1)     Only one counsel for each party shall examine and cross–examine the same witness or be heard on any question.

(2)     No more than two counsel shall appear for any party on the trial.

[2] The State's contention based upon HRPP, Rule 45, is also without merit. The rule is completely silent as to whether such prior notice is required when a party, as here, desires to substitute lead counsel.