19 P.3d 1289

STATE of Hawai'i, Plaintiff–Appellee,

v.

Noel Quintua MADDAGAN,
Defendant–Appellant.

No. 23690.

Supreme Court of Hawai'i.

March 21, 2001.

Reconsideration Denied March 28, 2001.

Earle A. Partington, Honolulu, for defendant-appellant.

Caroline M. Mee, Deputy Prosecuting Attorney, City & County of Honolulu, for plaintiff-appellee.

MOON, C.J., LEVINSON, NAKAYAMA, RAMIL, and ACOBA, JJ.

Opinion of the Court by ACOBA, J.

We hold that the first circuit court (the court) erred in summarily denying the motion to withdraw guilty plea of Defendant–Appellant Noel Quintua Maddagan (Defendant). The court's denial rested on the ground that, in violation of Hawai'i Rules of Penal Procedure (HRPP) Rule 57, no withdrawal of prior counsel and substitution of the counsel who had made the motion was filed. We conclude that, under HRPP Rule 57, the court had the discretion to allow substitution on conditions other than those expressly enumerated in the Rule and that under the circumstances, Defendant should have been given a hearing to advocate substitution on that basis.

## I.

Defendant originally retained Philip D. Bogetto to represent him in the instant case. On December 8, 1998, an order granting Bogetto's motion to withdraw as counsel was filed, and, on December 22, 1998, Birney Bervar entered his appearance as Defendant's counsel. On March 23, 1999, pursuant to a plea bargain, Defendant entered a plea of guilty to one count of promoting a dangerous drug in the first degree, in violation of Hawai'i Revised Statutes (HRS) § 712–1241(1)(a)(i) (1993), and one count of unlawful use of drug paraphernalia in the first degree, in violation of HRS § 329–43.5(a) (1993). On November 2, 1999, Defendant was sentenced to concurrent prison terms of twenty years and five years on Counts I and II, respectively, and judgment was entered accordingly. No appeal was filed from the judgment.

More than nine months after the judgment, Defendant filed, at 11:40 a.m. on August 8, 2000, a motion to withdraw his guilty plea pursuant to HRPP Rule 32(d).[1] Attached to the motion was Defendant's affidavit, which stated that Bervar was no longer his attorney and that Earle A. Partington had been authorized to represent him on the motion:

1. I am the Defendant in the above case. Attorney Birney Bervar who previously represented me in this case has ceased to be my attorney. I hereby authorize Earle A. Partington to appear on my behalf for the purpose of this motion. I hereby waive my right to be returned to Hawaii and to appear at the hearing on this motion.

At 11:42 a.m. on August 8, 2000, the court entered a written order summarily denying the motion pursuant to HRPP Rule 57, on the ground that Partington was not counsel of record:

## ORDER SUMMARILY DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

Upon review of the records and files in this case, counsel of record for [D]efendant is Birney Bervar. *Although in the affidavit, [D]efendant states Mr. Bervar ceases to be his attorney, there has been no withdrawal and substitution of counsel* previously filed nor submitted with this motion pursuant to HRPP Rule 57; therefore

---

1. HRPP Rule 32(d) states as follows:
   **Withdrawal of Plea of Guilty.** A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence shall set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

IT IS HEREBY ORDERED that the Defendant's Motion to Withdraw Guilty Plea is summarily denied as Mr. Partington is not counsel of record to file this motion.

(Emphasis added.)

## II.

On August 23, 2000, Defendant appealed from the order. On appeal, Defendant claims that the court erred because, "[a]s a matter of law," Bervar "had ceased to be [Defendant's] attorney in 1999 when Defendant was sentenced and no appeal taken" and, consequently, that "[t]here was just no attorney to withdraw and substitute for in 2000 when the motion was filed." His position rests on the grounds that: (1) it is "well-established law that an attorney-client relationship terminates by operation of law once the purpose of the employment is completed, absent a contrary agreement"; (2) "[HRPP] Rule 57 applies to ongoing cases, not to cases finally concluded"; and (3) "[a]ny other interpretation ... [would require attorneys to] withdraw at the end of each client's case." The prosecution asserts that: (1) "an attorney's employment is a contractual matter ... and is not co-extensive with the attorney's representation before the court";[2] (2) Defendant's affidavit "tacitly recognized" that his "case was [not] 'finally concluded' "; and (3) "Defendant has failed to show that any ... impediments prevented him from having ... Bervar move for a withdrawal and substitution of counsel" "or move[ ] for withdrawal and substitution of counsel without ... Bervar's cooperation[.]"

### III.

A criminal defendant has a right to the assistance of counsel. The sixth amendment to the United States Constitution provides in relevant part that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to

have the Assistance of Counsel for his defense." "A criminal defendant's right to counsel, being implicit in the concept of ordered liberty, is applicable to the states through the due process clause of the fourteenth amendment." *State v. Hutch,* 75 Haw. 307, 319 n. 3, 861 P.2d 11, 18 n. 3 (1993) (internal quotation marks and citations omitted). In this connection, "it is well settled that '[a]rticle I, section 14 of the [Hawai'i] Constitution parallels the sixth amendment's guarantee of a defendant's right to counsel in criminal cases[.]' " *State v. Soto,* 84 Hawai'i 229, 237 n. 8, 933 P.2d 66, 86 n. 8 (1997) (quoting *State v. Merino,* 81 Hawai'i 198, 220 n. 21, 915 P.2d 672, 694 n. 21 (1996); *Hutch,* 75 Haw. at 319 n. 3, 861 P.2d at 18 n. 3 (citation and footnote omitted)).

The United States Constitution's "sixth amendment right to counsel includes a right to privately retained counsel of choice." *United States v. Monsanto,* 836 F.2d 74, 80 (2d Cir.1987) (citing *United States v. Curcio,* 694 F.2d 14, 22–23 (2d Cir.1982)), *overruled on other grounds by* 491 U.S. 600, 109 S.Ct. 2657 (1989). " 'An accused who is financially able to retain counsel must not be deprived of the opportunity to do so.' " *Id.* (quoting *United States v. Burton,* 584 F.2d 485, 489 (D.C.Cir.1978), *cert. denied,* 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979)). The right to privately retained counsel fosters several significant interests:

> The right to retain private counsel serves to foster the trust between attorney and client that is necessary for the attorney to be a truly effective advocate. *See* ABA Standards for Criminal Justice 4–3.1, p. 4–29 (commentary) (2d ed.1980). Not only are decisions crucial to the defendant's liberty placed in counsel's hands, *see Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), but the defendant's perception of the fairness of the process, and his [or her] willingness to acquiesce in its results, depend upon his [or her] confidence in his [or her] counsel's dedication, loyalty, and ability.

---

2. The prosecution argues that "Hawai'i courts have recognized an indigent defendant's right to change counsel is not absolute," citing cases to that effect. However, there is no indication Defendant sought court-appointed counsel.

*Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 645, 109 S.Ct. 2667 (1989) (Blackmun, J., dissenting). On independent state constitutional grounds, we also recognize that the right to counsel in article I, section 14 of the Hawai'i Constitution encompasses a right to privately retained counsel of choice. *Cf. People v. Blake,* 105 Cal. App.3d 619, 164 Cal.Rptr. 480, 483 (1980) ("As has been firmly established, due process of law comprises a right to appear and defend with retained counsel of one's own choice.") (citations omitted).

We acknowledge that "the right to counsel of choice is qualified, and can be outweighed by countervailing governmental interests." *Monsanto,* 836 F.2d at 80. But, in light of the right to counsel, and in the absence of countervailing considerations, a criminal defendant should have his, her, or its choice of retained counsel.[3] Due regard for this proposition must be given by a trial court in exercising its discretion as to whether a defendant's withdrawal and/or substitu-

3. Where a defendant is indigent, defendant's right to counsel of his or her choice is subject to some statutory and practical constraints. A finding of "good cause" for substitution of counsel is ordinarily required for substitution of appointed counsel.

> If the court finds that "good cause" exists for [an indigent] defendant to discharge his or her counsel, it should appoint substitute counsel and provide the defendant with adequate time to prepare a defense. [But i]f no valid reason for discharge appears, or the defendant does not state a reason, the trial court should advise the defendant that the court is not required to appoint substitute counsel to represent the defendant if the defendant's original counsel is discharged.

*State v. Soares,* 81 Hawai'i 332, 355, 916 P.2d 1233, 1256 (App.1996), *overruled on other grounds by State v. Janto,* 92 Hawai'i 19, 986 P.2d 306 (1999) (citations omitted).

4. HRPC Rule 1.16 states in pertinent part as follows:

**Rule 1.16. DECLINING OR TERMINATING REPRESENTATION.**
. . . .
(b) Except as stated in paragraph (c), *a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client,* or if:

tion of counsel should be granted or denied. *Cf. State v. Soares,* 81 Hawai'i 332, 355, 916 P.2d 1233, 1256 (App.1996) ("Whether a change in counsel should be permitted . . . rests in the sound discretion of the trial court[.]") (citing *State v. Ahlo,* 2 Haw.App. 462, 469, 634 P.2d 421, 426 (1981), *cert. denied,* 456 U.S. 981, 102 S.Ct. 2252, 72 L.Ed.2d 858 (1982)). We examine HRPP Rule 57 in this context.

IV.

HRPP Rule 57 states:

**Rule 57. WITHDRAWAL OF COUNSEL.**

Withdrawal of counsel shall require the approval of the court and shall be subject to Rule 1.16 of the Hawai'i Rules of Professional Conduct [ (HRPC) ].[4] Where the defendant is or may be indigent, substitution of counsel shall also comply with the procedure established in the Hawai'i Revised Statutes, chapter 802.[5] *Unless oth-*

. . . .
*6) other good cause for withdrawal exists.*
(c) When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.
(d) *Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled* and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.
(Emphases added.)

5. HRS § 802–5 (1993) states in pertinent part as follows:

**Appointment of counsel; compensation.** (a) When it shall appear to a judge that a person requesting the appointment of counsel satisfies the requirements of this chapter, the judge shall appoint counsel to represent the person at all stages of the proceedings including appeal, if any. If conflicting interests exist, or if the interests of justice require, the court may appoint private counsel, who shall receive reasonable compensation for necessary expenses, including travel, the amount of which shall be determined by the court, and fees pursuant to subsection (b). . . .

*erwise ordered,* withdrawal of counsel shall not become effective until substitute counsel appears or is appointed, the defendant appears pro se or the defendant is deemed to have waived counsel.

(Emphasis added.) On its face, HRPP Rule 57 would appear to apply in the event an attorney moves to withdraw from a case.[6] HRPC Rule 1.16, which is incorporated into the Rule, does not expressly refer to substitution of counsel, but its provisions indicate a concern that the client not be adversely affected by withdrawal, *see* Comment 7 to HRPC Rule 1.16 (stating that "[t]he lawyer has the option to withdraw if it can be accomplished without material adverse effect on the client's interests"), and that the client's interest in any ongoing proceeding not be compromised by the absence of "employment of other counsel [or] . . . papers and property to which the client is entitled." HRPC Rule 1.16(d). *See also* Comment 9 to HRPC Rule 1.16 ("Even if the lawyer has been unfairly discharged by the client, a lawyer must take all reasonable steps to mitigate the consequences to the client."). These objectives are reiterated in HRPP Rule 57's admonition that "withdrawal of counsel shall not become effective until substitute counsel appears or is appointed." Read in this context, HRPP Rule 57 is intended to ensure continued rep-

resentation of a criminal defendant when counsel of record withdraws and to maintain orderly proceedings in the case. This is consonant with the well-established principle that the trial court has inherent power to govern proceedings before it. *See Compass Dev., Inc. v. Blevins,* 10 Haw.App. 388, 402, 876 P.2d 1335, 1341 (1994) (stating that the trial court has inherent power to "prevent undue delays and to achieve the orderly disposition of cases").

█ HRPP Rule 57 does not expressly prescribe the procedure to be followed when, rather than counsel moving to withdraw, a defendant represents to the court that counsel of record has been terminated and new counsel retained. Yet, HRPC Rule 1.16 recognizes that "[a] client has a right to discharge a lawyer at any time, with or without cause, subject to liability for payment for the lawyer's services." Comment 4 to HRPC Rule 1.16. *See also People v. Turner,* 7 Cal.App.4th 913, 9 Cal.Rptr.2d 388, 390 (1992) (stating that, "where a defendant has retained counsel of his or her choice, the attorney may be discharged at any time with or without cause") (citation omitted). There may also be instances when withdrawal of counsel of record cannot practicably be obtained. Accordingly, reasonably construed, HRPP Rule 57 does not mandate in every

HRS chapter 802 does not appear to prescribe any substitution procedure.

**6.** There is no published commentary on HRPP Rule 57.

Other court rules pertain to withdrawal and substitution of counsel.

Hawai'i Rules of Appellate Procedure Rule 50 states as follows:

**Rule 50. WITHDRAWAL, DISCHARGE, OR SUBSTITUTION OF APPELLATE COUNSEL.**

**(a) Withdrawal.** An attorney desiring to withdraw as counsel of record must file a motion requesting leave therefor. The motion must show that prior notice of the motion was given by service upon the attorney's client. The appellate court may, in its discretion, grant or deny such motion or, where appropriate, remand the case for filing of a motion to withdraw.

**(b) Withdrawal with Substitution.** *A substitution of counsel may be made by filing a notice of withdrawal and substitution.* The notice must provide withdrawing counsel's name and

substituting counsel's name, address, and telephone number. A notice of withdrawal and substitution of counsel *must be signed by the client consenting thereto.*

**(c) Discharge.** A client desiring to discharge the client's counsel of record must file a motion requesting leave therefor. *The motion must show service upon the attorney.* The appellate court may, in its discretion, grant or deny such motion or, where appropriate, remand the case for the filing of a motion to withdraw.

(Emphases added.)

Also, Rules of the Circuit Courts of the State of Hawai'i Rule 10.1 provides as follows:

**Rule 10.1 WITHDRAWAL OF COUNSEL.**

Except as provided in Rule 10(c) of these rules, withdrawal of counsel in cases pending before the circuit courts shall be effective only upon the approval of the court and shall be subject to the guidelines of Rule 1.16 of the Hawai'i Rules of Professional Conduct and other applicable law.

instance that where counsel are privately retained, counsel of record must first formally move to withdraw before new counsel may appear of record. Certainly, a joint written withdrawal of counsel of record and appearance of newly retained counsel would be acceptable, inasmuch as that would have satisfied an order such as that entered in the instant case, as well as the express terms of HRPP Rule 57.

■ But, in prefacing the mandate that withdrawal of counsel is subject to four alternative conditions with the words "unless otherwise ordered," HRPP Rule 57 confers discretion upon the court to grant withdrawal and/or substitution under conditions other than those expressly enumerated. Hence, a declaration of Defendant to the effect that he has retained new counsel and that counsel of record no longer represents him may be sufficient to satisfy the interests embodied in HRPP Rule 57 and HRPC Rule 1.16, especially where the time for appeal has run and there are no pending proceedings before the court.[7]

■ If the court is inclined to deny the request for substitution of counsel, it must afford a defendant a hearing on the matter because the grant of discretion under HRPP Rule 57 fairly presumes that Defendant will have due opportunity to present argument that the court should "otherwise order" withdrawal and/or substitution. Defendant's motion was denied for violation of HRPP Rule 57, apparently without advance notice to Defendant or an opportunity for him to be heard.

■ We can understand the court's desire to promptly dispose of matters before it.

However, because of the summary denial and the reasons cited therein, it may be doubtful that the court exercised the discretion afforded it under HRPP Rule 57. In any event, it is plain that Defendant had no opportunity to argue to the court that it should "otherwise order," pursuant to HRPP Rule 57, that substitution was appropriate.[8] Under the circumstances and having due regard for the right of Defendant to have retained counsel of his choice, we conclude that before the court summarily denied the motion on the ground that a withdrawal and substitution of counsel had not been filed under HRPP Rule 57, Defendant was entitled to a hearing on the question of whether Partington should have been substituted as counsel.

V.

Accordingly, we vacate the August 8, 2000 order summarily denying Defendant's motion to withdraw guilty plea, remand the case to the court for determination of substitution of counsel, and instruct that the court allow Defendant to supplement the record if he desires to do so.

---

7. On remand, it would be within the court's discretion to additionally require Defendant's certification that notice of substitution was sent to counsel of record, unless the declaration indicated why such notice would serve no purpose.

8. While not argued in the briefs, Defendant noted that "[t]he denial of the motion summarily without notice and a hearing violates basic due process of law under both the Hawaii and United States Constitutions."