***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 Electronically Filed
 Supreme Court
 SCWC-11-0000085
 29-APR-2013
 11:02 AM

 IN THE SUPREME COURT OF THE STATE OF HAWAI#I

 ---o0o---

 STATE OF HAWAI#I, Respondent/Plaintiff-Appellee,

 vs.

 STEPHEN CRAMER, JR., Petitioner/Defendant-Appellant.

 SCWC-11-0000085

 CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
 (CAAP-11-0000085; CR. NO. 07-1-0679(2))

 APRIL 29, 2013

 RECKTENWALD, C.J., NAKAYAMA, McKENNA, AND POLLACK, JJ., WITH
 ACOBA, J., CONCURRING SEPARATELY, WITH WHOM POLLACK, J., JOINS

 OPINION OF THE COURT BY RECKTENWALD, C.J.

 Stephen Cramer, Jr. was found guilty of several drug-

related offenses following his termination from the Drug Court

program. At his sentencing hearing approximately two months

later, Cramer was represented by a court-appointed deputy public

defender. Privately retained counsel also appeared on behalf of
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

Cramer, and sought to substitute for the deputy public defender

“provided that [he was] given the opportunity to properly

prepare.” Cramer’s privately retained counsel requested a three

week continuance to prepare.

 The Circuit Court for the Second Circuit denied

Cramer’s motion for substitution of counsel and a continuance as

untimely.1 The deputy public defender represented Cramer for the

duration of the hearing. The circuit court eventually continued

the sentencing hearing for five days, apparently to obtain

additional information with regard to whether Cramer was eligible

for a sentence of probation under Hawai#i Revised Statutes (HRS)

§ 706-622.5, quoted infra.

 At the continued sentencing hearing, Cramer was again

represented by the deputy public defender. The circuit court

determined that Cramer was not entitled to sentencing pursuant to

HRS § 706-622.5. The circuit court then sentenced Cramer to a

ten-year indeterminate term of incarceration for Promoting a

Dangerous Drug in the Second Degree, a five-year term for

Prohibited Acts Related to Drug Paraphernalia, and a thirty-day

term for Promoting a Detrimental Drug in the Third Degree, all

terms to run concurrently.

 Cramer’s privately retained counsel was subsequently

permitted to substitute for the deputy public defender. Cramer

 1
 The Honorable Shackley F. Raffetto presided.

 -2-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

appealed the circuit court’s judgment of conviction and sentence,

arguing, inter alia, that the circuit court violated his

constitutional right to counsel of his choice when it denied his

motion for substitution of counsel and a continuance of the

sentencing hearing. The ICA determined that the circuit court

did not abuse its discretion in denying Cramer’s motion, and

accordingly affirmed the circuit court’s judgment. State v.

Cramer, No. CAAP-11-0000085, 2012 WL 1560671, at *2 (App. May 3,

2012) (Summary Disposition Order).

 In his application to this court, Cramer again argues

that the circuit court violated his constitutional right to

counsel of his choice when it denied his motion. We agree that

Cramer was denied his right to privately retained counsel of his

choice under article I, section 14 of the Hawai#i constitution.

We also hold that the circuit court abused its discretion in

denying the motion for substitution of counsel and continuance of

the hearing. Specifically, the circuit court relied only on the

timeliness of the request, and the record does not reflect that

the circuit court properly balanced Cramer’s right to counsel of

his choice against countervailing government interests.

Accordingly, we vacate the ICA’s June 1, 2012 judgment and the

circuit court’s January 11, 2011 judgment, and remand to the

circuit court for resentencing.

 -3-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 I. Background

 The following factual background is taken from the

record on appeal.

A. Circuit Court Proceedings

 On November 9, 2007, Cramer was charged with Promoting

a Dangerous Drug in the Second Degree, in violation of HRS § 712-

1242(1)(b)(i)2 (Count One), Prohibited Acts Related to Drug

Paraphernalia, in violation of HRS § 329-43.5(a)3 (Count Two),

and Promoting a Detrimental Drug in the Third Degree, in

violation of HRS § 712-1249(1)4 (Count Three), in relation to an

 2
 HRS § 712-1242(1)(b)(i) (Supp. 2007) provides:

 A person commits the offense of promoting a dangerous
 drug in the second degree if the person
 knowingly . . . [p]ossesses one or more preparations,
 compounds, mixtures, or substances of an aggregate
 weight of . . . [o]ne-eighth ounce or more,
 containing methamphetamine, heroin, morphine, or
 cocaine or any of their respective salts, isomers,
 and salts of isomers[.]
 3
 HRS § 329-43.5(a) (1993) provides:

 It is unlawful for any person to use, or to possess
 with intent to use, drug paraphernalia to plant,
 propagate, cultivate, grow, harvest, manufacture,
 compound, convert, produce, process, prepare, test,
 analyze, pack, repack, store, contain, conceal,
 inject, ingest, inhale, or otherwise introduce into
 the human body a controlled substance in violation of
 this chapter. Any person who violates this section is
 guilty of a class C felony and upon conviction may be
 imprisoned pursuant to section 706-660 and, if
 appropriate as provided in section 706-641, fined
 pursuant to section 706-640.
 4
 HRS § 712-1249(1) (1993) provides:

 A person commits the offense of promoting a
 detrimental drug in the third degree if the person
 knowingly possesses any marijuana or any Schedule V
 substance in any amount.

 -4-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

incident on September 19, 2007, when officers executed a search

warrant on Cramer’s vehicle and discovered crystal

methamphetamine and other drug paraphernalia.

 On February 25, 2009, Cramer filed a Petition for

Admission to Drug Court and Waiver of Rights; Admission Agreement

(Petition), in which he admitted to the charged offenses. He

acknowledged that the State would prosecute him if he did not

successfully complete the Drug Court Program, and that he would

be tried without a jury. At a February 25, 2009 hearing, the

circuit court granted Cramer’s Petition and admitted him into the

Drug Court program.5

 On July 21, 2010, the State filed a motion to terminate

Cramer’s participation in the Maui Drug Court Program because

Cramer failed to comply with the terms and conditions of the

program, specifically conditions A and B of the Drug Court

Program Admission Agreement.6

 5
 Cramer was represented at the hearing by privately retained
counsel Christopher Dunn. It appears that Dunn was permitted to withdraw as
Cramer’s counsel at a July 14, 2010 hearing, and the Office of the Public
Defender was appointed to represent Cramer.
 6
 Conditions A and B of the Maui Drug Court Program Admission
Agreement, which Cramer agreed to, provided:

 A. I will commit myself to full participation in
 the Maui Drug Court Program (“Drug Court”)
 toward the goal of remaining clean and sober for
 the rest of my life.
 B. I will give truthful answers to any questions
 asked by the Drug Court Judge (“Court”) and the
 Drug Court staff including any treatment
 providers to whom I am referred by the Drug
 Court staff. Honesty is of critical importance,
 and my truthful answers may help determine the
 (continued...)

 -5-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 A hearing was held on the State’s motion, with Cramer

represented by Deputy Public Defender (DPD) Danielle Sears, and

on September 3, 2010, the circuit court filed an order granting

the State’s motion to terminate Cramer’s participation in Drug

Court. On November 4, 2010, the circuit court held a stipulated

facts trial. The circuit court admitted Cramer’s Petition into

evidence, found Cramer guilty as charged on all three counts, and

set sentencing for January 6, 2011. In the interim, Cramer was

free on $100,000 bail.

 At the start of the scheduled January 6, 2011

sentencing hearing, the following exchange occurred:
 [DPD] SEARS: Good morning, Your Honor. Danielle
 Sears, Deputy Public Defender on
 behalf of [] Cramer.
 THE COURT: Good morning.
 [DPD] SEARS: There has been a development.
 [] ALULI: Good morning, Your Honor. Hayden
 Aluli on behalf of [] Cramer. If I
 may, Your Honor, I would move to
 substitute for [DPD] Danielle Sears
 provided that I’m given the
 opportunity to effectively prepare.
 And I’m asking for three weeks
 continuance of these proceedings,
 Your Honor. I’ve spoken with the
 prosecution. And if there needs to
 be discussion, we can approach the
 bar.
 THE COURT: No. We can do it on record. What
 is your position on it?
 [DPA]: Your Honor, the State is ready for
 sentencing today.
 THE COURT: All right. We’re going to go ahead
 today. So I’ll deny your motion.
 Thank you. It’s untimely. Thank
 you.

 6
 (...continued)
 type of treatment that is best for me.

 -6-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 DPD Sears then informed the circuit court that she had

received a presentence investigation report and a Substance Abuse

Assessment of Cramer, and wanted to know whether the court had

also received the Substance Abuse Assessment. The circuit court

stated it did not receive the Substance Abuse Assessment, but

wanted to review it to assess whether Cramer qualified for

sentencing under “Act 44.”7 The circuit court also noted that

Cramer had a protective order entered against him in 2008 and

convictions for violations of temporary restraining orders, and

stated that it needed more information about those incidents

before it made a determination as to whether Cramer was

nonviolent and therefore qualified for sentencing under Act 44.

 The deputy prosecuting attorney then stated, “Can we

ask for a continuance.” The circuit court responded, “I would

like to continue this, but not more than a week.” The circuit

court also reiterated that it did not receive the Substance Abuse

Assessment, which was a “critical determination in this case.”

The circuit court continued the sentencing until January 11,

2011.

 7
 HRS § 706-622.5 (Supp. 2007), commonly referred to as Act 44,
provides, inter alia, that persons convicted for the first time for certain
specified drug offenses may be sentenced to probation if the court determines
that the person is nonviolent, has been assessed by a certified substance
abuse counselor to be in need of substance abuse treatment, and has presented
a proposal to receive substance abuse treatment. 2004 Haw. Sess. Laws Act 44,
§ 11 at 214. Pursuant to HRS § 706-622.5(4), if a defendant successfully
completes the substance abuse treatment program and complies with other terms
and conditions of probation, then the court “shall issue a court order to
expunge the record of conviction for that particular offense.”

 -7-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 DPD Sears appeared on behalf of Cramer at the

January 11, 2011 sentencing hearing. The circuit court denied

probation under Act 44, and sentenced Cramer to incarceration for

ten years on count one, five years on count two, and thirty days

on count three, all terms to run concurrently. The circuit court

filed its Judgment of Conviction and Sentence on January 11,

2011.

 On February 3, 2011, the circuit court approved the

withdrawal of DPD Sears and the substitution of Aluli as Cramer’s

counsel. Cramer, through Aluli, filed a notice of appeal.

 On March 21, 2011, Cramer, through Aluli, filed in the

circuit court a Motion to Reduce Sentence pursuant to Hawai#i

Rules of Penal Procedure (HRPP) Rule 35(b).8 On April 7, 2011,

at a hearing on Cramer’s motion to reduce sentence, the circuit

court concluded that Cramer “needs to have the consequences of

his behavior to finally understand that he needs to change.”

Accordingly, the circuit court denied Cramer’s motion to reduce

sentence.

B. ICA Appeal

 In his opening brief, Cramer asserted that the trial

court committed reversible error in denying his motion for

substitution of counsel and for a continuance of the sentencing

 8
 HRPP Rule 35(b) (2011) provides in relevant part: “The filing of a
notice of appeal shall not deprive the court of jurisdiction to entertain a
timely motion to reduce a sentence.”

 -8-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

proceeding, in violation of his constitutional right to counsel

of his choice. Although Cramer acknowledged that trial courts

are given “wide discretion” in determining whether to grant a

continuance, he contended that the circuit court abused its

discretion because it “simply said that the motion was untimely

and failed to engage in weighing Cramer’s constitutional right to

a reasonable delay of sentencing against the needs of fairness

and the demands of its calendar.” (Citing United States v.

Gonzalez-Lopez, 548 U.S. 140 (2006)).9

 In its answering brief, the State argued that the

circuit court properly exercised its discretion in denying

Cramer’s motion because the request for substitution of counsel

was “tentative and conditional” upon the granting of a three-week

continuance. In addition, the State asserted that Cramer “made

no representation that he was dissatisfied or had lost confidence

in [DPD Sears] or that he had discharged present counsel, and

that he wanted or had retained [] Aluli as his new counsel.” The

State, citing State v. Torres, 54 Haw. 502, 510 P.2d 494

 9
 Cramer also asserted that the circuit court abused its discretion
in failing to sentence him to probation as a first-time drug offender under
HRS § 706-622.5. The ICA concluded: “Based on the family court’s finding that
Cramer had engaged in family violence, the circuit court determined it could
not conclude that Cramer was nonviolent as required under HRS § 706-622.5.
Because Cramer was not eligible to be sentenced to probation, the circuit
court did not err in refusing to sentence Cramer under HRS § 706-622.5.”
Cramer, 2012 WL 1560671, at *2. Cramer does not challenge this determination
in his application. However, as discussed further below, we conclude that
Cramer can argue for any potentially applicable sentence (including sentencing
under Act 44) on remand, since the denial of counsel of choice at his original
hearing was structural error.

 -9-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

(1973),10 argued that in denying Cramer’s motion, it was

“apparent that the [circuit] [c]ourt was concerned about the

orderly flow of business in the court system.”

 Cramer filed a reply brief and argued, inter alia, that

the State provided no support for its contention that he needed

to justify his assertion of the right to private counsel of his

choice, and that Torres was distinguishable because it involved a

claim of ineffective assistance of counsel.

 In its May 3, 2012 SDO, the ICA determined, inter alia:
 Here, Cramer was represented by counsel from the
 public defender’s office at the Drug Court termination
 hearing on August 19, 2010 and the Stipulated Facts
 trial on November 4, 2010. Not until the sentencing
 hearing on January 6, 2011 did other counsel make an
 appearance and request substitution, contingent on the
 circuit court’s willingness to continue the hearing
 for three weeks. Cramer provided no reason for the
 request for new counsel and, on appeal, has not argued
 he was prejudiced by the court’s denial of a
 continuance to accommodate appointment of new counsel.
 We conclude the circuit court did not abuse its
 discretion in denying Cramer’s oral motion for
 substitution of counsel and a continuance.

Cramer, 2012 WL 1560671, at *1.

 Accordingly, the ICA affirmed the circuit court’s

Judgment of Conviction and Sentence and subsequently entered its

Judgment on Appeal on June 1, 2012. Cramer timely filed an

application for writ of certiorari and the State timely filed its

response.

 10
 As discussed further infra, in Torres, this court determined that
the trial court’s substitution of counsel on the eve of trial and subsequent
denial of a continuance did not deprive the defendant of his constitutional
right to the effective assistance of counsel. 54 Haw. at 503, 507, 510 P.2d
at 496-97. This court articulated a test to balance the need for counsel to
have adequate time to prepare with “due consideration for the orderly
administration of justice[.]” Id. at 505-06, 510 P.2d at 496-97.

 -10-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 II. Standard of Review

 With regard to a motion for substitution, this court

has stated that:
 the right to counsel of choice is qualified, and can
 be outweighed by countervailing governmental
 interests. But in light of the right to counsel, and
 in the absence of countervailing considerations, a
 criminal defendant should have his, her, or its choice
 of privately retained counsel. . . . Whether a change
 in counsel should be permitted . . . rests in the
 sound discretion of the trial court.

State v. Maddagan, 95 Hawai#i 177, 180, 19 P.3d 1289, 1292 (2001)

(citations and quotation marks omitted).

 In addition, “a motion for continuance is addressed to

the sound discretion of the trial court, and the court’s ruling

will not be disturbed on appeal absent a showing of abuse of that

discretion.” State v. Lee, 9 Haw. App. 600, 603, 856 P.2d 1279,

1281 (1993). “Generally, to constitute an abuse, it must appear

that the court clearly exceeded the bounds of reason or

disregarded rules or principles of law or practice to the

substantial detriment of a party litigant.” State v. Crisostomo,

94 Hawai#i 282, 287, 12 P.3d 873, 878 (2000) (internal quotation

marks, citation, and brackets omitted).

 III. Discussion

A. The circuit court abused its discretion in denying Cramer’s
 motion for substitution of counsel and a continuance of the
 sentencing hearing

 Cramer asserts that pursuant to the Sixth Amendment of

the United States Constitution and article I, section 14 of the

Hawai#i Constitution, he was entitled to privately retained

 -11-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

counsel of his choice, and that the circuit court abused its

discretion in denying his motion for substitution of counsel and

a continuance. As explained below, we conclude that Cramer was

denied his right to privately retained counsel of his choice

under the Hawai#i constitution.

 Article I, section 14 of the Hawai#i Constitution

provides, in relevant part, “In all criminal prosecutions, the

accused shall enjoy the right . . . to have the assistance of

counsel for the accused’s defense.” We have interpreted this

provision to guarantee a criminal defendant’s right to privately

retained counsel of his or her choice. Maddagan, 95 Hawai#i at

180, 19 P.3d at 1292 (“On independent state constitutional

grounds, we also recognize that the right to counsel in article

I, section 14 of the Hawai#i Constitution encompasses a right to

privately retained counsel of choice.”).

 In Maddagan, the circuit court denied the defendant’s

motion to withdraw his guilty plea, made through new counsel,

because no motion to withdraw or substitute counsel was filed.

Id. at 178, 19 P.3d at 1290. Attached to defendant’s motion was

his affidavit that stated that he was authorizing his new

counsel, Earle A. Partington, to represent him on the motion.

Id. On appeal, this court recognized that article I, section 14

of the Hawai#i Constitution “encompasses a right to privately

retained counsel of choice[,]” but that “the right to counsel of

choice is qualified, and can be outweighed by countervailing

 -12-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

governmental interests.” Id. at 180, 19 P.3d at 1292 (emphasis

added and citation omitted). This court determined that the

circuit court had discretion to allow the substitution of

Partington and that the defendant should have been given a

hearing to advocate for the substitution. Id. at 182, 19 P.3d at

1294.

 It is clear from Maddagan that a criminal defendant has

a constitutional right under article I, section 14 of the Hawai#i

Constitution to privately retained counsel of his or her choice.

This right, however, must be balanced against countervailing

governmental interests. See Maddagan, 95 Hawai#i at 180, 19 P.3d

at 1292 (“[T]he right to counsel of choice is qualified, and can

be outweighed by countervailing governmental interests.”)

(citation omitted); cf. Wheat v. United States, 486 U.S. 153, 164

(1988) (holding that federal courts “must recognize a presumption

in favor of petitioner’s counsel of choice, but that presumption

may be overcome not only by a demonstration of actual conflict

[of interest] but by a showing of a serious potential for

conflict. The evaluation of the facts and circumstances of each

case under this standard must be left primarily to the informed

judgment of the trial court”) (emphasis added).

 This court has not had occasion to examine the

countervailing governmental interests that should be balanced

against the right to counsel of choice. However, other

jurisdictions have identified several factors that can be

 -13-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

relevant in making such a determination. See, e.g., People v.

Butcher, 79 Cal. Rptr. 618, 621 (Cal Ct. App. 1969) (in

considering motions to substitute counsel and to continue made on

the day of trial, the trial court should have considered: (1)

length of the continuance; (2) whether there was a dilatory

motive for the continuance; (3) whether the prosecution knew of

the motions beforehand and whether the prosecution objected; (4)

whether the delay would have inconvenienced the prosecution or

its witnesses; (5) whether current court-appointed counsel was

prepared to proceed; (6) whether the defendant had already

retained private counsel; and (7) whether the continuance would

interfere with the efficient administration of justice).

 In State v. Prineas, 766 N.W.2d 206, 212 (Wis. Ct. App.

2009), the defendant in a sexual assault prosecution hired

privately retained counsel and filed a motion for his present

attorney to withdraw, to substitute counsel, and for a

continuance one week before the trial date. 766 N.W.2d at 210.

The court held a hearing in which the State argued that the

complaining witness and her family wanted the case to “be done so

she could get on with her life.” Id. The court stated that it

would not grant the request so close to trial unless it was given

“some extraordinary reason” other than a desire to change

counsel, but none was offered by defense counsel. Id. at 214-15.

Accordingly, the court denied the motion. Id. On appeal, the

 -14-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

defendant argued, inter alia, that he was denied his right to

private counsel of his choice. Id. at 212.

 The Wisconsin Court of Appeals held that decisions

relating to substitution of counsel were within the sound

discretion of the trial court, and noted that when making its

determination to grant or deny a request for substitution of

counsel of choice, the trial court needed to balance the

defendant’s request against “the public’s interest in the prompt

and efficient administration of justice.” Id. The appellate

court listed several examples of factors that “assist the court

in balancing the relevant interests,” including: the length of

the delay requested, whether competent counsel was presently

available and prepared to try the case, whether prior

continuances have been requested and received by the defendant,

the inconvenience to the parties, witnesses and the court, and

whether the delay was for legitimate reasons or whether its

purpose was dilatory. Id. The appellate court determined that

the trial court properly balanced the request against the

“public’s interest in the prompt and efficient administration of

justice.” Id. at 215 (citation omitted). The appellate court

determined:
 Several factors weigh in favor of the court’s exercise
 of its discretion, for example: [the defendant] did
 not specify the length of delay that would be
 required; he did not dispute his current counsel’s
 ability to try the case; the court considered the
 inconvenience to the court and the concerns of the
 victim; and [the defendant] provided no reason for
 substitution and the accompanying delay.

 -15-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

Id.

 Accordingly, upon consideration of multiple factors,

the Wisconsin Court of Appeals affirmed the trial court’s denial

of the defendant’s request for substitution of counsel and a

continuance. Id. at 215, 219.

 In the instant case, the circuit court merely

considered one factor –- timeliness of the request –- in making

its determination to deny the motion for substitution and a

continuance. The record does not reflect that the circuit court

considered, for example, the length of the delay requested, the

impact of the delay on the prosecution, witnesses or the court,

and whether the delay was for a dilatory purpose.

 Consideration of those other factors supports the

conclusion that the circuit court abused its discretion in

denying the motion for substitution and a continuance. The State

took no position on the request and there was no apparent

prejudice to the State. The record does not establish that the

circuit court would have been inconvenienced by the request,

particularly given that it subsequently ordered a one-week

continuance of the sentencing hearing. The record also does not

establish that there were witnesses present at the initial

hearing who would be inconvenienced by a continuance.

Furthermore, there had been only one prior continuance in the

proceeding, which was a stipulated continuance of the trial from

September 16, 2010 to November 4, 2010. Under the circumstances,

 -16-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

the court’s summary denial of the motion for substitution and a

continuance as untimely was an abuse of discretion.

 Although the ICA relied on Torres in affirming Cramer’s

sentence in the instant case, Torres is distinguishable. There,

on the day before trial on a burglary charge, Richard Torres

asked the court for the appointment of new counsel. 54 Haw. at

502-03, 510 P.2d at 495. The circuit court dismissed the

original attorney and appointed Torres’s chosen attorney, Mr.

Hall. Id. Both Torres and Hall moved for a continuance so that

Hall could prepare for trial. Id. The circuit court denied the

motions because the jury was waiting to be impaneled and there

had been several continuances leading up to trial. Id. at 503,

510 P.2d at 495-96. Hall went to trial less than twenty-four

hours later. Id. at 504, 510 P.2d at 496.

 On appeal to this court, Torres argued that he was

denied his constitutional right to the effective assistance of

counsel. Id. at 503, 510 P.2d at 495. This court held,
 Generally, any request for continuance is to be
 disposed of in the discretion of the trial judge. A
 denial of a continuance is not per se a denial of the
 constitutional right to counsel, but the appellate
 court should scrupulously review the record to
 determine whether, under all the circumstances, there
 was an abuse of discretion that prejudiced the
 defendant by amounting to an unconstitutional denial
 of the right toi [sic] effective assistance of
 counsel.

Id. at 504-05, 510 P.2d at 496.

 This court determined that Torres was not denied the

effective assistance of counsel. Id. at 57, 510 P.2d at 498.

 -17-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

This court found no deficiencies in Hall’s performance at trial,

Hall had complete access to notes from the prosecution’s and

Dwight’s files, and Torres did not request a change of counsel

until the very moment of trial and therefore was to blame for the

tardiness of the request for new counsel. Id. at 507, 510 P.2d

at 497-98.

 Torres is distinguishable. Torres involved a claim of

ineffective assistance of counsel after the circuit court granted

a motion for substitution and after it denied Torres’s motion for

a continuance of trial. 54 Haw. at 503, 510 P.2d at 495. Here,

the issue is whether the circuit court violated the defendant’s

constitutional right to counsel of choice and thus, erred in

denying a motion to substitute counsel. Put another way, this

court need not analyze this case for ineffectiveness of counsel

because substitute counsel was not appointed.

 Cramer also asserts that the ICA’s determination that

“Cramer provided no reason for the request for new counsel and,

on appeal, has not argued he was prejudiced by the court’s denial

of a continuance to accommodate appointment of new counsel” was

inconsistent with Gonzalez-Lopez. Cramer, 2012 WL 1560671, at

*1. The ICA’s determination is indeed inconsistent with

Gonzalez-Lopez.

 In Gonzalez-Lopez, the defendant, Cuauhtemoc Gonzalez-

Lopez, was charged in the Eastern District of Missouri with

conspiracy to distribute more than 100 kilograms of marijuana.

 -18-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

548 U.S. at 142. His family hired an attorney to represent him.

Id. Gonzalez-Lopez later called a California attorney, Joseph

Low, to represent him. Id. Although the district court

initially permitted Low’s provisional entry of appearance, it

subsequently revoked the provisional acceptance and did not allow

participation or representation by Low, Gonzalez-Lopez’s counsel

of choice. Id.

 On appeal, the issue before the Court was whether a

trial court’s erroneous deprivation of a criminal defendant’s

choice of counsel entitled him to reversal of his conviction.

Id. The prosecution did not dispute that Gonzalez-Lopez was

erroneously deprived of his counsel of choice. Id. at 144. The

Court determined that the erroneous deprivation of Gonzalez-

Lopez’s counsel of choice required reversal of the conviction.

Id. at 151-52. The Court determined that no additional showing

of prejudice was required when a defendant’s Sixth Amendment

right to counsel of his choice was violated: “[d]eprivation of

the right is ‘complete’ when the defendant is erroneously

prevented from being represented by the lawyer he wants,

regardless of the quality of the representation he received.”

Id. at 148. The Court reaffirmed its holding that the right to

counsel of choice was “limit[ed]” and needed to be “balanc[ed]”

“against the needs of fairness, and against the demands of [the

court’s] calendar,” but concluded that that consideration was not

relevant to Gonzalez-Lopez’s case because the prosecution

 -19-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

“conceded that the [court] here erred when it denied [Gonzalez-

Lopez] his choice of counsel.” Id. at 151-52 (citations

omitted).

 In addition, the Court held that the denial of the

right to counsel of choice was a “structural error” not subject

to a harmless error analysis.11 548 U.S. at 150. Furthermore,

the Court determined, “[i]t is impossible to know what different

choices the rejected counsel would have made, and then to

quantify the impact of those different choices on the outcome of

the proceedings.” Id. Similarly, requiring Cramer to argue that

he was “prejudiced” by the denial of the continuance to

accommodate the appointment of new counsel would require us to

speculate as to how Aluli would have represented Cramer at the

sentencing hearing, an inquiry that was rejected in Gonzalez-

Lopez. For the same reasons, Cramer is free to argue on remand

that he should be sentenced to probation pursuant to Act 44, or

any other potentially applicable sentence.

 Accordingly, the circuit court abused its discretion in

denying the motion for substitution and a continuance.

 11
 Structural errors affect “the framework within which the trial
proceeds, rather than simply an error in the trial process itself.” State v.
Ortiz, 91 Hawai#i 181, 193, 981 P.2d 1127, 1139 (1999) (citing Arizona v.
Fulminante, 499 U.S. 279, 310 (1991)); State v. Swanson, 112 Hawai#i 343, 353,
145 P.3d 886, 896 (App. 2006). As the concurring opinion observes, there have
been criticisms of the decision in Fulminante. See Concurring Opinion at 12-
20. Respectfully, however, we need not resolve those concerns here because
they would not affect the result in the instant case. See Concurring Opinion
at 1.

 -20-
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 IV. Conclusion

 We hold that the circuit court abused its discretion in

denying the motion for substitution of counsel and continuance of

the hearing. Thus, we vacate the ICA’s June 1, 2012 judgment and

the circuit court’s January 11, 2011 judgment, and remand to the

circuit court for resentencing.

Hayden Aluli /s/ Mark E. Recktenwald
for petitioner
 /s/ Paula A. Nakayama
Artemio C. Baxa
for respondent /s/ Sabrina S. McKenna

 /s/ Richard W. Pollack

 -21-