**STATE OF HAWAI'I**, Plaintiff–Appellee,v. **GREGORY G. LEE**, Defendant–Appellant

NO. 15789

(CASE NO. CT5: 10/22/91)

AUGUST 3, 1993

BURNS, C.J., HEEN, AND WATANABE, JJ.

## OPINION OF THE COURT BY WATANABE, J.

Defendant–Appellant Gregory G. Lee (Defendant) appeals from the judgment and sentence entered by the District Court of the Second Circuit, following his conviction of Terroristic Threatening in the Second Degree, a violation of Hawai'i Revised Statutes (HRS) §§ 707–715 and 707–717 (1985). The sole issue presented on appeal is whether the trial court abused its discretion when it denied the defense counsel's motions for continuance, made on the day of trial. We affirm.

### I.

The first motion, made at the outset of trial on October 22, 1991, advanced two reasons for the continuance: (1) Defendant was arrested for another offense the morning of the trial and was too distraught to be able to effectively assist in his own defense; and (2) Defendant had confided to defense counsel that morning that Defendant was a confidential informant for the federal government in a medical fraud and credit card scam involving the

complaining witness, and such evidence, if verified and produced, would undermine the complaining witness' credibility. In denying the motion, the trial court stated:

> The mere fact that [Defendant] was arrested this morning, doesn't present this Court with any concrete evidence that he is unable to assist in his defense. The mere fact that he has been arrested doesn't — there isn't any evidence that he is so — that his mental condition is such that he cannot assist in his own defense as in the case of a person who is mentally or emotionally disturbed.

> So I'm going to deny the motion with respect to the grounds stated for — out of the hearing of the audience, even on that grounds, the Court will deny the motion to continue in the light of the State's position stated.

10/22/91 Transcript at 9. The trial court also expressed concern that the witnesses for the case had been waiting for several hours that day for trial to begin and that a continuance, if granted, would push back the trial to November or December. *Id.* at 9–10.

The motion for continuance was renewed by defense counsel after the State had rested its case:

> Your Honor, the record should reflect that I've been in conversation with my client with regard to our case–in–chief.

> Your Honor, during this conversation, I believe that my client cannot effectively assist me in this defense at this time. And at this time, your Honor, I would motion [sic] this Court for a 48–hour mental examine [sic] on my client to see whether, in fact, he does have any mental or emotional problems that would, in fact, take away or not be able to assist me in his own defense. It's very very important with regards to a fair trial, constitutional right, your Honor. And I would ask this Court to grant my motion for a 48–hour mental examination.

*Id.* at 96–97. The court denied this motion as well, stating:

> The Court did note that during the trial that [defense counsel] did converse with her client and at no time did indicate to this Court that she was having any problems communicating with her client or that her client was unable to assist in her defense.
>
> The questions that she asked — many of the questions that she asked about [the complaining witness'] drug and medical and psychiatric questions, information, I thought was [sic] elicited through the defendant.
>
> Further, [defense counsel] is not sufficiently specific concerning the defendant's condition that I'm going to deny the request for a 48–hour examination.

*Id.* at 97.

## II.

A motion for continuance is addressed to the sound discretion of the trial court, and the court's ruling will not be disturbed on appeal absent a showing of abuse of that discretion. *State v. Gager*, 45 Haw. 478, 488, 370 P.2d 739, 745 (1962). After reviewing the record in this case, we find no such abuse.

We note, first of all, that courts generally "view with disfavor requests for a continuance made on the day set for trial or very shortly before." 3A C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2D § 832, at 263 (1982) (citations omitted). As one United States District Court has articulated:

> An attorney cannot reasonably expect a court to alter its calendar, and disrupt a scheduled trial to which witnesses have been subpoenaed and to which the adverse party is ready, simply by the filing by counsel of a last minute motion for continuance. All weight of authority is contrary to such wishful speculations.

*United States v. Chapel*, 480 F. Supp. 591, 594 (D. Puerto Rico 1979). In this case, Defendant's motion for continuance was not brought until the day of trial, fifty–four days after his arraignment. Witnesses, summoned to appear at the trial, had been waiting all morning to testify when defense counsel moved to continue the trial. Under such circumstances, the trial court's failure to continue the trial was not improper.

We also find no abuse of discretion in the trial court's refusal to continue the trial because Defendant was allegedly too distraught to assist in his defense. There was no showing that Defendant's ability to defend himself was substantially impaired or that Defendant had a physical or mental disease, disorder, or defect which would affect his fitness to proceed with trial. Indeed, the trial court specifically observed that Defendant appeared to understand the judicial proceedings taking place and was actively communicating with his attorney throughout the trial.

Finally, we find no merit to Defendant's claim that he was entitled to a continuance to allow him to secure the appearance of a potential witness who might be able to impeach the complaining witness' credibility. In moving for a continuance based on the unavailability of a witness, the movant must generally show that:

> due diligence has been exercised to obtain the attendance of the witness, that substantial favorable evidence would be tendered by the witness, that the witness is available and willing to testify, and that the denial of the continuance would materially prejudice the defendant.

*United States v. Walker*, 621 F.2d 163, 168 (5th Cir. 1980), *cert. denied*, 450 U.S. 1000, 101 S. Ct. 1707, 68 L. Ed. 2d 202 (1981); *see also United States v. Harris*, 436 F.2d 775, 776 (9th Cir. 1970). In the instant case, Defendant had ample time to prepare for trial, but waited until the day of trial to suggest a potential defense witness. Apart from Defendant's lack of diligence in securing this witness, there was no showing that the witness even existed or that

the witness would be available and willing to testify. Furthermore, the proferred testimony would at most go to assessing the credibility of the complaining witness, and "[a]buse of discretion will not ordinarily be found in the denial of a continuance to enable a temporarily unavailable witness to be called whose testimony will not bear directly upon the issue of guilt and who is called only for purposes of impeachment." *State v. Altergott*, 57 Haw. 492, 508–09, 559 P.2d 728, 739 (1977).

Under these circumstances, the trial court did not abuse its discretion in denying the continuance.

Affirmed.

*Patsy M. Kim*, Deputy Public Defender, on the briefs for defendant–appellant.

*Mark R. Simonds*, Deputy Prosecuting Attorney, County of Maui, on the brief for plaintiff–appellee.