STATE OF HAWAI`I, Plaintiff-Appellee,
v.
JEAN I. GOMEZ, Defendant-Appellant.
No. 28260.
Intermediate Court of Appeals of Hawaii.
May 16, 2008.
On the briefs:
Shawn A. Luiz, for Defendant-Appellant.
Loren J. Thomas, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY and FUJISE, JJ.
Defendant-Appellant Jean I. Gomez (Gomez) appeals from the Order of Resentencing/Revocation of Probation filed on October 20, 2006 in the Circuit Court of the First Circuit[1] (circuit court). The circuit court revoked Gomez's probation and resentenced her to a six-month term of imprisonment.
On appeal, Gomez asserts the following points of error:
(1) At the revocation hearing, the circuit court erred when it denied Gomez's oral motion for a continuance so that she could subpoena (a) the police officers who had issued traffic tickets to her and (b) her medical records to show why she had not completed her community service.
(2) The circuit court erred in granting the State's motion for revocation and in resentencing Gomez to imprisonment because there was no violation of the terms of Gomez's probation.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Gomez's points of error as follows:
(1) The circuit court did not abuse its discretion by denying Gomez's motion for continuance, given the basis for the request and that the request was made on the day of the hearing. State v. Lee, 9 Haw. App. 600, 603-04, 856 P.2d 1279, 1281-82 (1993). The circuit court weighed the possible prejudice to Gomez and the need to proceed on the revocation hearing after two previous delays. The State of Hawai`i (State) had two witnesses present for the hearing and Gomez failed to alert the State before the hearing of her intent to seek another continuance.
(2) There was sufficient evidence for the circuit court to conclude that Gomez "inexcusably failed to comply with a substantial requirement imposed as a condition of [her probation.]" HRS § 706-625(3) (Supp. 2007). The terms and conditions of her probation plainly stated that Gomez was to comply with all conditions, including special conditions 7F and 7H, during the term of her probation. Gomez reviewed and signed a copy of her probation terms and conditions on August 12, 2005. The term of her probation was one year. The State filed its Motion for Revocation of Probation on July 13, 2006, and the circuit court heard the motion on October 20, 2006.
In weighing the evidence of her non-compliance with special condition F, the community service requirement of her probation, the circuit court apparently gave little credence to Gomez's medical disability claim. According to Gomez, because of financial hardship she worked at her paying job eighty-two hours per week during the time she claims she was medically unqualified to complete her community service requirement. Over a period of nearly one year, she only managed to complete nineteen hours of community service work. Likewise, Gomez's claim of financial hardship and medical disability was not seen as an excuse for her failure to complete her required driver's education program.
The circuit court found it was likely that Gomez had been asked questions by the police officers at her traffic citation stops and she failed to report these encounters to her probation officer in violation of her probation conditions. This finding of the court is not clearly erroneous. State v. Lazar, 82 Hawai`i 441, 443, 922 P.2d 1054, 1056 (1996). Regardless, violations of the community service and driver's education conditions of probation provided more than sufficient reason for the circuit court to find that Gomez had "inexcusably failed to comply with a substantial requirement imposed as a condition of [her probation]." As such, the circuit court did not abuse its discretion in revoking Gomez's probation and resentencing her to six months of imprisonment. State v. Yamamoto, 79 Hawaii 511, 514, 904 P.2d 525, 528 (1995).
Gomez's various claims of violation of the principles of lenity, comity, law of the case, breach of the plea agreement, meeting of the minds, mutual mistake, manifest injustice, and error in sentencing are not set forth in her points of error as required by Hawaii Rules of Appellate Procedure Rule 28(b)(4), and therefore will be disregarded.
Therefore,
The Order of Resentencing/Revocation of Probation filed on October 20, 2006 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Reynaldo D. Graulty presided.