STATE OF HAWAI`I, Plaintiff-Appellant,
v.
STEPHEN LEVIN, Defendant-Appellee.
No. 28421.
Intermediate Court of Appeals of Hawaii.
May 27, 2009.
On the briefs:
Jason M. Skier, Deputy Prosecuting Attorney, County of Hawai`i, for Plaintiff-Appellant.
Sat K. Freedman, Deputy Public Defender, for Defendant-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Acting C.J., FOLEY and FUJISE, JJ.
Plaintiff-Appellant State of Hawaii (State) appeals from the February 22, 2007 Judgment of Conviction and Sentence[1] entered by the Circuit Court of the Third Circuit (circuit court)[2] against Defendant-Appellee Stephen Levin (Levin). Judgment was entered based on Levin's pleas of guilty to the offenses of Terroristic Threatening in the Second Degree in violation of Hawaii Revised Statutes (HRS) §§ 707-715(1) (1993) and 707-717(1) (1993) and Terroristic Threatening in the First Degree in violation of HRS §§ 707-715(1) and 707-716(1)(d) (1993) (the instant offenses).
The State argues on appeal[3] that the circuit court abused its discretion in denying the State's request for an evidentiary hearing on its oral motion for repeat offender sentencing under HRS § 706-606.5 (Supp. 2006) and maintains that the resulting sentence imposed by the circuit court was illegal.
After a careful review of the issues raised, arguments advanced, applicable law, and the record in this case, we resolve the State's appeal as follows:
Contrary to the State's argument on appeal, the circuit court did not deny the State an evidentiary hearing on the State's oral motion to impose mandatory minimum terms of imprisonment. As reflected in Levin's plea form, the State agreed that Levin would be sentenced for two pending criminal matters, offenses charged in 2005 under criminal number XX-X-XXXX and the instant offenses, on the same date, with no other agreements as to sentencing. The sentencing in XX-X-XXXX was scheduled at the same time as the taking of the plea and sentencing for the instant offenses.
At this February 15, 2007 proceeding, the circuit court took Levin's plea to the instant offenses and turned to counsel for their respective positions on sentencing on both matters. Both the State and Levin waived the need for a presentence report for the instant offenses. The State was allowed to make an oral motion for repeat offender sentencing for the offenses in the instant matter and was allowed to present argument on its motion, claiming that Levin had been convicted in 1999 for "burglary in the first degree" in Oregon.[4] However, the State was not prepared to present evidence of Levin's prior qualifying convictions in support of its motion, nor was Levin willing to stipulate to the same. The following exchange ensued:
THE COURT: What do you  what does the state have to offer? [Defense counsel is] saying she's not stipulating to the mandatory minimum. You have the burden of proving conviction, identity.
[THE STATE]: Correct. And so if they're not stipulating to that then I would ask that that be set for a hearing. I'd have to order the 
THE COURT: But you stipulated to a sentence today.
[THE STATE]: Understood. I didn't realize at that point that they were gonna be contesting these facts. The NCIC was provided to them as discovery over a year ago, and so I don't wanna get sandbagged like this. If she's not agreeing to what's in the NCIC  the information in the NCIC has both his local crimes as well as his mainland crimes, and so if she's not stipulating that it's the same Stephen Levin in the NCIC 
THE COURT: But isn't it also my understanding that you  you're to file a motion for mandatory minimum if you want to go ahead and impose one?
[THE STATE]: Uh, that's correct 
THE COURT: A notice or a motion or something to give notice that that's the state's intent?
[THE STATE]: Correct, but in the interest of expediency, I thought the court just wanted to take care of it today. Like I said, I didn't realize that they were going to be not agreeing with the state's representations of the facts. So the state would ask that this be set for a hearing. I can order the appropriate documents from the State of Oregon to prove up not only the prior conviction but also the identity, and we can just set this for hearing.
. . . .
[DEFENSE]: Your Honor, we would object to any kind of continuance. It was the state's agreement that he would be sentenced on both cases today. And if I might quote [the prosecutor,]" That was the only agreement there was." I couldn't get any other kind of concessions outta him, so I don't see why we should give him any.
The circuit court then proceeded to sentencing, remarking,
The court is going to find that in criminal number 7-1-45, the state has failed to establish the necessary basis for the imposition of a mandatory minimum term of imprisonment. It has considered the possibility of a continuance in this matter; however, it would constitute a violation of the plea agreement between the state and the defendant that he be sentenced today, or at the same time of sentencing in criminal number 5-1-442. And the court does intend to sentence him today.
"A motion for continuance is addressed to the sound discretion of the trial court, and the court's ruling will not be disturbed on appeal absent a showing of abuse of that discretion." State v. Lee, 9 Haw. App. 600, 603, 856 P.2d 1279, 1281 (1993). "Generally, to constitute an abuse, it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." State v. Crisostomo, 94 Hawai`i 282, 287, 12 P.3d 873, 878 (2000) (internal quotation marks, citation, and brackets omitted).
Based on the record in this case, we conclude that the circuit court did not abuse its discretion when it refused to continue the proceedings. Without proof of a qualifying prior conviction, the sentence imposed by the circuit court, that did not include a mandatory minimum, was not illegal. See State v. Freitas, 61 Haw. 262, 277, 602 P.2d 914, 925 (1979) (before sentence may be imposed under HRS § 706-606.5, the fact of prior conviction must be established by satisfactory evidence).
Accordingly, the February 22, 2007 Judgment of the Circuit Court of the Third Circuit is affirmed.
NOTES
[1] The Judgment was made effective nunc pro tunc to the date of sentencing, February 15, 2007.
[2] The Honorable Glenn S. Hara presided.
[3] The State fails to include a statement of the points it intends to rely upon in violation of Hawai`i Rules of Appellate Procedure (HRAP) Rule 28(b)(4). Counsel is warned that future violations may result in sanctions.
[4] The State did not make a similar motion in case number XX-X-XXXX.