**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000612**
**24-MAR-2023**
**08:00 AM**
**Dkt. 68 SO**

NO. CAAP-18-0000612

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
KRISTINE MICHELS, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(NORTH & SOUTH KONA DIVISION)
(CASE NO. 3DTA-18-00638)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

Defendant-Appellant Kristine L.T. Michels (**Michels**)

appeals from the July 17, 2018 Judgment and Notice of Entry of

Judgment (**Judgment**) entered by the District Court of the Third

Circuit (**District Court**).[1]  Michels pled *nolo contendere* to

Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**),

in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1)[2]

---

[1]    The Honorable Margaret K. Masunaga presided.

[2]    HRS § 291E-61 states, in pertinent part:

> **§ 291E-61  Operating a vehicle under the influence of**
> **an intoxicant.**  (a) A person commits the offense of

(continued...)

(2020).  The District Court found her guilty and, *inter alia*, revoked her driver's license for one year.

Michels raises five points of error on appeal, contending that the District Court abused its discretion and committed reversible error when it:  (1) denied her March 27, 2018 Motion to Dismiss for Lack of Affidavit and the June 12, 2018 Motion to Reconsider Denial of Motion to Dismiss; (2) granted Plaintiff-Appellee State of Hawaii's (**State's**) first Motion to Quash at a hearing on April 25, 2018, without notice to Michels or her counsel; (3) twice quashed subpoenas served on the State; (4) denied her second Motion to Dismiss the Complaint with Prejudice, for procedural due process violations; and (5) did not strike memoranda and proposed orders that were untimely filed by the State.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant legal authorities, we address Michels's points of error as follows:

(1)  Michels argues that the Complaint was defective and should have been dismissed because it was not supported by

---

[2](...continued)
operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
(1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty.

the sworn statement of a witness with direct observations of Michels's misconduct and that the supporting declaration was insufficient as a matter of law. Whether the Complaint complied with any applicable statute and/or rule is a question of law we review *de novo*. State v. Thompson, 150 Hawaiʻi 262, 266, 500 P.3d 447, 451 (2021).

The Hawaiʻi Supreme Court recently held, in State v. Mortensen-Young, --P.3d--, 2023 WL 2519396, *15 (2023), that HRS § 805-1 (2014) applies only to criminal complaints used to obtain a penal summons or arrest warrant.[3] In other cases, such as the OVUII prosecutions at issue in Mortensen-Young, Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 7 provides the proper framework to analyze the sufficiency of complaints.[4] Id. at *14-15. In

---

[3]    HRS § 805-1 states, in pertinent part:

> **§ 805-1 Complaint; form of warrant.** When a complaint is made to any prosecuting officer of the commission of any offense, the prosecuting officer shall examine the complainant, shall reduce the substance of the complaint to writing, and shall cause the complaint to be subscribed by the complainant under oath, which the prosecuting officer is hereby authorized to administer, or the complaint shall be made by declaration in accordance with the rules of court.

[4]    HRPP Rule 7 states, in pertinent part:

> **Rule 7.   INDICTMENT, INFORMATION, OR COMPLAINT**
>
> . . . .
>
> (d) **Nature and contents.** The charge shall be a plain, concise and definite statement of the essential facts constituting the offense charged . . . . A complaint shall be signed by the prosecutor. The charge need not contain a formal conclusion or any other matter not necessary to such statement . . . . The charge shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated.

Mortensen-Young, the supreme court held that the trial court improperly dismissed the complaints against the appellees, reasoning that the charging instruments had complied with HRPP Rule 7(d), and were thus sufficient to initiate prosecutions for OVUII.  Id.

Here, as in Mortensen-Young, HRS § 805-1 is inapplicable because the Complaint was not used to obtain a penal summons or arrest warrant.  The Complaint set forth a plain and concise statement of the essential facts, was signed by the prosecutor, and referenced the statute that Michels allegedly violated, as required by HRPP Rule 7(d).  Therefore, the Complaint was sufficient to initiate the subject prosecution. See Mortensen-Young, 2023 WL 2519396, at *15.

We conclude that the Complaint was not defective and the District Court did not abuse its discretion in denying Defendant's first Motion to Dismiss on that basis.

(2)  Michels argues that the District Court abused its discretion by granting the State's first Motion to Quash. Michels submits that she was denied procedural due process when the District Court granted the motion without Michels or her counsel having notice or an opportunity to be heard.  As the supreme court has stated:

> Article I, section 5 of the Hawaiʻi Constitution provides in relevant part that "[n]o person shall be deprived of life, liberty or property without due process of law[.]" Procedural due process claims are addressed in two steps:  "First, we must determine whether a 'liberty' or 'property' interest has been interfered with by the State;

> second, we must determine what specific procedures are required to satisfy due process."

De La Garza v. State, 129 Hawaiʻi 429, 438-39, 302 P.3d 697, 706-07 (2013) (quoting State v. Bani, 97 Hawaiʻi 285, 293, 36 P.3d 1255, 1263 (2001)). The State concedes that the District Court improperly granted the first Motion to Quash a subpoena issued by Michels, but argues that under the circumstances of this case, the error was harmless.

Michels issued a subpoena to the deputy prosecutor who signed the Complaint, which was quashed without proper notice to Michels of the first Motion to Quash. Michels issued a second subpoena to the deputy prosecutor, which was also quashed, but only after Michels was provided proper notice and an opportunity to be heard on the second Motion to Quash, as well as a related, second Motion to Dismiss the Complaint.

We conclude that the District Court erred in granting the first Motion to Quash, but that the court's error was harmless. The first and second subpoenas were identical and the issue of whether the State was required to produce the deputy prosecutor for testimony was fully litigated before the District Court less than a month after the District Court improperly granted the State's first Motion to Quash. Michels was given an opportunity to be heard at a meaningful time and in a meaningful manner on the issue, and there is no reasonable possibility that the District Court's error may have contributed to Michels's conviction.

(3)   Michels argues that the District Court erred in granting the second Motion to Quash, contending that the deputy prosecutor's testimony was needed to resolve a factual issue for the Motion to Dismiss, *i.e.,* whether the officer or the deputy prosecutor were percipient witnesses and "to establish facts determinative of the issues, to wit:  A declaration in support of a complaint must clearly state how, when and by whom the information stated therein was gleaned.  Neither the complaint nor the declaration in this case do that."  Michels states that she is not challenging the sufficiency of the charging instrument *per se*; rather she is challenging the form of the declaration allegedly supporting the Complaint.

As discussed above, the Complaint complied with HRPP Rule 7(d), which does not require any declaration in support of a complaint.  Rather, HRPP Rule 7 requires that a complaint be signed by the prosecutor, which it was in this case.  We conclude that Michels's third point of error is without merit.

(4)   Michels argues that the District Court abused its discretion in denying Michels's second Motion to Dismiss, and the State violated Michels's procedural due process rights by declining to negotiate with Michels regarding Michels's proposed stipulation of fact.

As to her due process rights, Michels contends that dismissal should have been granted because she suffered the following prejudice:  (1) the inability to object to the State's

first Motion to Quash; (2) unwarranted delay of more than one month, which increased her emotional worry; and (3) additional legal fees "created by the fight put up by the [State] trying to keep its deputy off the stand, unreasonably refusing to negotiate to a stipulated facts hearing."

As discussed above, although the District Court erred in ruling on the first Motion to Quash, under the circumstances of this case, the error was harmless.

The referenced delay appears to have stemmed from a continuance. "A motion for continuance is addressed to the sound discretion of the trial court, and the court's ruling will not be disturbed on appeal absent a showing of abuse of that discretion." State v. Williander, 142 Hawaiʻi 155, 162, 415 P.3d 897, 904 (2018) (quoting State v. Lee, 9 Haw. App. 600, 603, 856, P.2d 1279, 1281 (1993)). In order for the grant or denial of a continuance to amount to a procedural due process violation, the moving party must establish the deprivation of life, liberty, or property without due process of law. See, e.g., Rapp v. Schmidt, No. 27883, 2008 WL 4001189, at *2 (Haw. App. Aug. 29, 2008) (SDO) (holding that the movants failed to show how denying their continuance request deprived them of any protected property interest or due process rights). Michels provides no factual or legal support showing how a continuance deprived her of a protected property interest or her due process rights, submitting only that "[t]o have allowed a continuance is like laughing at

7

the Defendant and belittling the protections she has under the law." We glean no such inappropriate conduct from the record on appeal and we conclude that this argument does not warrant the requested relief.

Similarly, Michels provides no factual or legal support for the proposition that incurring legal fees in response to the State's efforts to preclude the deputy prosecutor's testimony was tantamount to a due process violation. We conclude that this argument is without merit.

Michels makes no discernible argument in support of her assertion that the State's failure to negotiate a stipulation of facts constituted a due process violation.

Accordingly, we reject Michels's argument that the District Court erred in denying her second Motion to Dismiss.

(5) In her final point of error, Michels argues that the District Court abused its discretion by declining to strike late filings by the State.

Trial courts are granted broad discretion to decide whether to accept late filings and grant appropriate relief. HRPP Rule 45(c) sets deadlines for parties to serve, *inter alia*, motions, opposing memoranda, and replies, but provides the court discretion to alter the deadlines. See also HRPP Rule 49(d).

Here, the District Court exercised its discretion to accept certain late filings by the State. Michels did not identify any prejudice stemming from the District Court's

decision at trial, and on appeal makes only conclusory statements about prejudice being "apparent."  On the record before us, we cannot conclude that the District Court abused its discretion by accepting the State's late filings.

For these reasons, the District Court's July 17, 2018 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, March 24, 2023.

On the briefs:

Frank L. Miller,
for Defendant-Appellant.

Timothy J. Rodes,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Karen T. Nakasone
Associate Judge