**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000478
25-JUL-2025
08:07 AM
Dkt. 44 SO**

NO. CAAP-23-0000478

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellant,
v.
BASIL WOODY, Defendant-Appellee


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTA-23-00311)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and Guidry, JJ.)

In this appeal, Plaintiff-Appellant State of Hawai'i (**State**) challenges an order denying its motion to continue a suppression hearing, and a subsequent order granting the defendant's motion to suppress evidence. We vacate and remand.

The State appeals from the July 28, 2023 "Order Granting [Defendant-Appellee Basil Woody (**Woody**)]'s First Pretrial Motion: Motion to Suppress Fruits of Warrantless

Seizure" (**Order Granting Motion to Suppress**), filed and entered by the District Court of the Third Circuit (**District Court**).[1]

The State contends the District Court erred by granting Woody's motion to suppress, and denying the State's motion to continue the suppression hearing due to the unavailability of the State's witness.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve the State's contention as follows.

On February 21, 2023, Woody was charged with Operating a Vehicle Under the Influence of an Intoxicant.

On April 10, 2023, Woody filed a motion to suppress, requesting to suppress any evidence obtained by Hawaiʻi Police Department Officer Alexis Molina (**Officer Molina**) during the warrantless stop of Woody's vehicle.

On April 24, 2023, Woody appeared in court and was ordered to return on June 16, 2023 for an evidentiary hearing on the motion to suppress.

On June 14, 2023, two days before the June 16, 2023 suppression hearing, the State filed a motion to continue the hearing because Officer Molina was unavailable to testify due to military training and would be "on extended military duty" until August 8, 2023.  On the same day, the State filed an opposition to Woody's motion to suppress, arguing that Officer Molina had reasonable suspicion and probable cause to believe Woody was operating a vehicle under the influence of an intoxicant.

At the June 16, 2023 suppression hearing, the State orally moved for a continuance because of Officer Molina's

---

[1]     The Honorable Joanna E. Sokolow presided.

unavailability and asked for a new hearing date to be set. The State noted that this was its "first continuance" and that it had Hawaiʻi Rules of Penal Procedure "Rule 48 time in excess [sic] . . . through October 9th on this[.]"

The District Court questioned the State regarding its efforts to ascertain Officer Molina's availability. The State explained that Officer Molina was subpoenaed on June 7, 2023; Officer Molina informed the State of his unavailability on June 12, 2023; and the prosecutor did not contact Officer Molina between April 24, 2023, when the motion to suppress was set, and June 12, 2023, to confirm his availability for the June 16, 2023 hearing. The prosecutor also informed the District Court of the case assignment procedure at his office, as follows:

> [DEPUTY PROSECUTING ATTORNEY (**DPA**)]: . . . the way our schedule works is we're assigned a particular trial date. I did not get this file until last Friday so I did not speak to Officer Molina. My, uh, [sic] I usually prep people about two days before the hearing.
>
> Officer Molina had called me on Monday to inform me that he was unavailable and also inform me of his ongoing military leave beginning on July 3rd.
>
> . . . .
>
> . . . As I said, you know, [sic] our schedules are set in [sic] such that, you know, [sic] we're assigned a particular trial and motion date. A lot of times I'm not getting the file 'til [sic] late.
>
> I've addressed that internally with the office. Going forward we're gonna [sic] make sure that this situation does not occur in the future. So [sic] I extend my apologies to the Court . . . .

(Emphases added.)

The District Court found that the State did not "act[] promptly" to ascertain the availability of Officer Molina and denied the State's motion to continue, stating:

> THE COURT: . . . the issue that the Court is having is that it's . . . not acceptable that when a motion is set in April that no effort whatsoever is

3

> made to ascertain the availability of an officer prior to a few days before the hearing.
>
> . . . .
>
> Right, but had the State acted promptly to find out about this officer's schedule they could have moved to advance the hearing and could have done it in May.
>
> . . . .
>
> . . . What I am contemplating doing is denying the motion to continue and that [sic] you need to have the hearing today. So [sic] that's what the Court's gonna [sic] do.

(Emphases added.)

After denying the State's motion to continue, the District Court proceeded with the motion to suppress. The State indicated it had to "concede" the warrantless arrest of Woody because it did not have Officer Molina available to present testimony to "contest" the warrantless arrest, and the District Court then granted the motion to suppress, as follows:

> THE COURT: . . . is the State conceding that there's no warrant in this matter?
>
> [DPA]: The State's gonna [sic] concede, Your Honor. I mean based on that --
>
> [DEFENSE COUNSEL]: Thank you.
>
> [DPA]: -- then, you know, I'm not able to proceed. I don't have Officer Molina here.
>
> THE COURT: Okay.
>
> [DEFENSE COUNSEL]: Yes, Your Honor. We would assert and I believe the State has -- I think the State has [sic] concurred in their memoranda in opposition, I could be wrong, that this was a warrantless arrest.
>
> In any event if that wasn't pled in the State's motion I would -- I would here stipulate with the State that the arrest was warrantless and make the argument that the burden then shifts to the State.
>
> THE COURT: Okay.

[DPA]: State does not contest that, Your Honor.

. . . .

THE COURT: Okay. Court will grant the motion to suppress.

(Emphases added.)  The District Court entered the July 28, 2023 Order Granting Motion to Suppress, and the "Order Denying [State's] Motion to Continue Hearing" (**Order Denying Motion to Continue**) on August 1, 2023.  The State timely appealed.

We review the denial of the State's motion to continue for abuse of discretion.  State v. O'Donnell, No. 29730, 2009 WL 5116359, at *2 (Haw. App. Dec. 29, 2009) (SDO) (citing State v. Lee, 9 Haw. App. 600, 603, 856 P.2d 1279, 1281 (App. 1993)).  When evaluating a motion to continue based on the unavailability of a witness, the movant must "show that (1) the movant acted with due diligence to obtain the attendance of the witness; (2) the witness would provide substantial favorable evidence for the movant; (3) the witness is available and willing to testify; and (4) the denial of the continuance would result in material prejudice to the movant" (**Lee test**).  Id. (citing Lee, 9 Haw. App. at 604, 856 P.2d at 1282).[2]

Here, the record reflects the District Court denied the State's first request for a continuance for a lack of diligence, reasoning that the State failed to "act[] promptly" to ascertain the availability of Officer Molina.  "In determining whether due diligence has been shown, [the] primary emphasis must be on the reasonableness of the efforts actually

---

[2]      The Lee test to evaluate a continuance was overruled in part by State v. Williander, as inapplicable to situations where a defendant moves for a continuance.  See 142 Hawaiʻi 155, 163, 415 P.3d 897, 905 (2018) ("We conclude that the Lee test goes too far in limiting the right to compulsory process, thus creating unnecessary burdens on defendants who wish to exercise this right.").  Here, because the State was moving to continue, the Lee test still applies.

made, not on the alternatives that might have been available." State v. Jackson, 8 Haw. App. 624, 632, 817 P.2d 130, 135-36 (App. 1991) (citation omitted). Focusing on the efforts actually made for this first hearing on the suppression motion, where the subpoena for Officer Molina was issued on June 7, 2023; the assigned prosecutor did not receive the file until June 9, 2023, "last Friday" before the June 16, 2023 hearing; and the prosecutor was in communication with the officer regarding his availability -- we conclude that while not prompt, these efforts were reasonable and established sufficient diligence under the circumstances. See id. Under the Lee test, the State: (1) "acted with due diligence to obtain" Officer Molina's presence by its June 7, 2023 subpoena; (2) represented that Officer Molina "would provide substantial favorable evidence" for the State because Officer Molina had "both reasonable suspicion and probable cause" to make the warrantless arrest; (3) indicated that Officer Molina was willing and would be available to testify when his extended military duty ended on August 8, 2023; and (4) showed that the denial of the continuance would result in "material prejudice" to the State, where the State could not oppose the motion to suppress without Officer Molina's testimony. See O'Donnell, 2009 WL 5116359, at *2 (citing Lee, 9 Haw. App. at 604, 856 P.2d at 1282). Thus, the District Court acted outside its discretion in denying the State's motion to continue the suppression hearing under these circumstances, and we reverse the Order Denying Motion to Continue. See id. (citing Lee, 9 Haw. App. at 603, 856 P.2d at 1281).

Because we conclude that the suppression hearing should have been continued, we vacate the Order Granting Motion to Suppress.

For the foregoing reasons, we vacate the July 28, 2023 Order Granting Motion to Suppress, filed and entered by the District Court of the Third Circuit, and remand for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, July 25, 2025.

On the briefs:

Stephen L. Frye,
Deputy Prosecuting Attorney,
for Plaintiff-Appellant.

Eli N. Bowman,
for Defendant-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge